**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

Nos. 97-2108 and 97-2111

_____

| | | |
|---|---|---|
| David St. John; Laura St. John, | * | |
| | * | |
| Plaintiffs - Appellees, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| International Association of Machinists | * | District Court for the |
| and Aerospace Workers, Local #1010, | * | Southern District of Iowa. |
| Dist. #118, Local Lodge No. 254; Mark | * | |
| Shore; David Lake; R.R. Donnelly | * | |
| Printing Company, L.P., | * | |
| | * | |
| Defendants - Appellants. | * | |

_____

Submitted: November 21, 1997
Filed: April 1, 1998

_____

Before LOKEN, HEANEY, and BRIGHT, Circuit Judges.

_____

LOKEN, Circuit Judge.

Once again, we are called upon to decide whether the need for uniform interpretation of collective bargaining agreements requires that a state tort remedy be preempted by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185. Local Lodge No. 254 of the International Association of Machinists ("the Union"), two

Union agents, and R.R. Donnelly Printing Company ("Donnelly") appeal a district court order remanding pendent tort claims to state court after David St. John dismissed his federally preempted claim for breach of the collective bargaining agreement between Donnelly and the Union. Because the amended complaint reveals that the remaining tort claims are at least in part preempted, we conclude that the district court erred in remanding those claims to state court. Accordingly, we reverse and remand.

David St. John and his wife, Laura, commenced this action in the Iowa District Court for Polk County. The record on appeal consists of their amended petition to that court. The petition alleges that: David St. John was a Donnelly employee in Des Moines, Iowa; the Union was the exclusive bargaining representative of Donnelly employees; the governing collective bargaining agreement "allowed the Union to set hours and assign shift duties for its employees, including David St. John"; St. John at some point withdrew from Union membership; St. John "was required to work excessive hours with little or no time off for mental and physical recuperation, contrary to medical advice"; the Union "deliberately changed shift assignments to prevent [St. John] from getting more time off work, contrary to medical advice"; St. John "would encounter vicious and harsh reactions" from Union members, including defendants Mark Shore and David Lake, and from Donnelly management, when he requested time off from work; and St. John was admitted to a psychiatric medical center on November 22, 1994, for treatment of the mental distress caused by defendants' actions. After setting forth these allegations, and attaching a copy of the collective bargaining agreement, the St. Johns pleaded five state law causes of action: intentional infliction of emotional distress by Shore and Lake; intentional infliction of emotional distress by the Union; breach of the collective bargaining agreement by the Union; intentional infliction of emotional distress by Donnelly; and loss of consortium, a claim by Laura St. John against all defendants.

Defendants removed to the Southern District of Iowa and moved to dismiss on the ground that the St. Johns' claims are both preempted by § 301 and barred by

§ 301's six-month statute of limitations. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151 (1983). The St. Johns responded by seeking dismissal of their breach of contract claim and remand of the remaining state law tort claims as not preempted. After dismissing the breach of contract claim, the district court remanded the remaining claims to state court because resolution of those claims "does not require the construction or interpretation of the collective bargaining agreement." This appeal followed.

## I. Is the Remand Order Reviewable?

Before oral argument, we asked the parties to address whether the district court's remand order is "not reviewable on appeal" under 28 U.S.C. § 1447(d). We conclude the order is reviewable. Section 1447(d) is limited to remand orders issued under § 1447(c), the statute requiring remand when the district court lacks subject matter jurisdiction or the removal was procedurally defective. See Quackenbush v. Allstate Ins. Co., 116 S. Ct. 1712, 1718 (1996); Transit Cas. Co. v. Certain Underwriters at Lloyd's, 119 F.3d 619, 623 (8th Cir. 1997), cert. denied, 118 S. Ct. 852 (1998). Neither of those grounds for remand applies in this case. There was no procedural challenge to the removal, and the district court had subject matter jurisdiction at the time of removal because David St. John's breach of contract claim against the union was completely preempted by § 301. See, e.g., Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, that jurisdiction included supplemental jurisdiction over the entire action, because the St. Johns' tort claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." Kansas Public Emp. Ret. System v. Reimer & Koger Assocs., Inc., 77 F.3d 1063, 1067 (8th Cir.), cert. denied, 117 S. Ct. 359 (1996) (quotations omitted).

Dismissal of the breach of contract claim left the district court with two jurisdiction issues. First, if any of the St. Johns' remaining tort claims are preempted,

the court continues to have federal question jurisdiction and *must* continue to exercise removal jurisdiction over the entire action. See In Re Otter Tail Power Co., 116 F.3d 1207, 1214 (8th Cir. 1997). Second, if the remaining claims are not preempted, the court *may* exercise discretion to decline supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The court concluded that the tort claims are not preempted because they do not require interpretation of the collective bargaining agreement, and it then declined to exercise supplemental jurisdiction over those state law claims. Normally, the decision not to exercise supplemental jurisdiction results in a dismissal without prejudice. See Labickas v. Arkansas State Univ., 78 F.3d 333, 334 (8th Cir.), cert. denied, 117 S. Ct. 395 (1996). But the court upon declining to exercise supplemental jurisdiction in a removed case may remand non-removable claims to state court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988). This type of remand order, which results from the dismissal of federal claims over which the court had subject matter jurisdiction, puts the litigants "effectively out of court" and is therefore a final order appealable under 28 U.S.C. § 1291. See Quackenbush, 116 S. Ct. at 1719; Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 541-42 (8th Cir. 1996).

## II. Should the Case Be Remanded?

With the dismissal of St John's breach of contract claim against the Union, this case primarily involves his state law claims of intentional infliction of emotional distress against the Union, two of its agents, and Donnelly.[1] If any of those claims are federally preempted, the district court may not remand the case to state court.

---

[1]Laura St. John's loss of consortium claim is derivative of her husband's claims and will not survive to the extent David's underlying claims are preempted. See Johnson v. Anheuser Busch, Inc., 876 F.2d 620, 625 (8th Cir. 1989).

Though Congress has never occupied the entire labor field, the federal labor laws have powerful preemptive force. For example, § 301 has been construed "as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209 (1985). Preemption of inconsistent state law actions and remedies necessarily followed, because "[t]he possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." Teamsters Union v. Lucas Flour Co., 369 U.S. 95, 103 (1962). Thus, when a state law tort claim is "inextricably intertwined with consideration of the terms of the labor contract," it is preempted under § 301. Allis-Chalmers, 471 U.S. at 213. Conversely, when the state law claim is independent -- in that its resolution "does not require construing the collective-bargaining agreement" -- it is not preempted. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407 (1988); see Luecke v. Schnucks Markets, Inc., 85 F.3d 356 (8th Cir.), cert. denied, 117 S. Ct. 517 (1996).

**A. The Claims Against the Union Defendants.** This case is somewhat unusual in that St. John directs his allegations of intentional infliction of emotional distress in the workplace primarily at the Union and its agents, Shore and Lake, rather than his employer. The amended petition alleges, in part, that the collective bargaining agreement granted the Union control over his hours of work and shift assignments, and it exercised that power so as to exacerbate his mental and physical health problems, contrary to his physician's advice. This claim necessarily requires interpretation of the collective bargaining agreement and is therefore preempted. As the Supreme Court explained in preempting a negligence claim against plaintiff's union in International Bhd. of Elec. Workers v. Hechler, 481 U.S. 851, 862 (1987):

> In order to determine the Union's tort liability . . . a court would have to ascertain, first, whether the collective-bargaining agreement in fact placed an implied duty of care on the Union to ensure that Hechler was provided

a safe workplace, and, second, the nature and scope of that duty, that is, whether, and to what extent, the Union's duty extended to the particular responsibilities alleged . . . in her complaint. Thus, in this case, as in *Allis-Chalmers*, it is clear that 'questions of contract interpretation . . . underlie any finding of tort liability.'

Hechler confirms that at least part of the St. Johns' remaining claims are preempted.[2] Therefore, the district court continues to have federal question jurisdiction and erred in remanding the case to state court. But St. John's claim against the Union and its agents includes allegations that they treated him viciously or harshly. As Farmer v. United Bhd. of Carpenters, 430 U.S. 290 (1977), demonstrates, such allegations may pose more complex preemption questions on remand. In Farmer, an intentional infliction of emotional distress claim was tried in state court, and the jury returned a substantial verdict against the union and its business agent. The Supreme Court reversed, concluding that part of the claim was preempted and the jury had not been instructed to distinguish between the preempted and non-preempted parts of the claim. As the Court explained the distinction:

> Union discrimination in employment opportunities cannot itself form the underlying 'outrageous' conduct on which the state-court tort action is based; to hold otherwise would undermine the pre-emption principle. Nor can threats of such discrimination suffice to sustain state-court jurisdiction. . . . [S]omething more is required before concurrent state-court jurisdiction can be permitted. Simply stated, it is essential that the state tort be either unrelated to employment discrimination or a function

---

[2]Federal law does not leave employees without remedy against their exclusive bargaining representatives. The Union owed David St. John a duty of fair representation. See Vaca v. Sipes, 386 U.S. 171 (1967). It is also subject to a § 301 suit for breach of *its* contractual duties under the collective bargaining agreement. See United Steelworkers v. Rawson, 495 U.S. 362, 372-74 (1990); Hechler, 481 U.S. at 863-65. St. John has not asserted these federal claims, so we need not consider whether they would be time-barred.

of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself.

. . . . Our decision rests in part on our understanding that California law permits recovery only for emotional distress sustained as a result of 'outrageous' conduct. The potential for undue interference with federal regulation would be intolerable if state tort recoveries could be based on the type of robust language and clash of strong personalities that may be commonplace in various labor contexts.

**B. The Claims Against Donnelly.** The claims against Donnelly are preempted if David St. John's claim of intentional infliction of emotional distress requires interpretation of the collective bargaining agreement. The amended petition alleges that Donnelly "allowed the Union to set hours and assign shift duties," that St. John was required to work excessive hours "contrary to medical advice," that Donnelly allowed the Union to make shift assignments that prevented St. John from getting more time off from work, and that Donnelly responded to St. John's requests for time off and better shift assignments with "harsh and accusatory reactions."

Like the claims against the Union and its agents, much of this claim is clearly preempted. To prevail on his claim of intentional infliction of emotional distress under Iowa law, St. John must prove that extreme emotional distress was proximately caused by Donnelly's outrageous conduct, that is, conduct "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Vaughn v. Ag Processing, Inc., 459 N.W.2d 627, 636 (Iowa 1990).[3] The amended petition alleges that the collective bargaining

_____

[3]See also Vinson v. Linn-Mar Community Sch. Dist., 360 N.W.2d 108, 119 (Iowa 1984) (employer has duty to refrain from abusive conduct toward employees, but defendants' actions, though "petty and wrong, even malicious," did not support finding of outrageousness because they were not "atrocious and utterly intolerable in a civilized community"); Butts v. University of Osteopathic Med. & Health Sciences, 561 N.W.2d

agreement prescribes the "working conditions of the employees of R.R. Donnelly and the respective duties of R.R. Donnelly and the Union for the welfare of the employees." The subjects of employee work hours, shift assignments, sick leave, and personal absences are expressly addressed in sections 4.1, 4.2, 5.6-5.8, 6.1-6.4, and 6.9 of the collective bargaining agreement. Thus, to determine whether Donnelly acted outrageously under Iowa law in setting St. John's hours of work and shift assignments or in giving the Union control over those decisions, it is necessary to decide whether those actions were authorized by the collective bargaining agreement. See Douglas v. American Information Tech. Corp., 877 F.2d 565, 571-73 (7th Cir. 1989). But federal labor law through § 301 delegates that decision-making function to the grievance and arbitration procedures established in collective bargaining agreements. To preserve that "system of industrial self-government," tort claims "involving vacation or overtime pay, work assignment, unfair discharge -- in short, the whole range of disputes traditionally resolved through arbitration" -- must be preempted. Allis-Chalmers, 471 U.S. at 219.

Determining that part of St. John's claim against Donnelly is preempted makes remand improper but does not dispose of the entire preemption issue. As with his claims against the Union and its agents, St. John has also alleged that Donnelly treated him viciously or abusively. A claim of intentional infliction of emotional distress in the workplace will avoid preemption if the employer's outrageous conduct violates its duty "to every member of society, not just to employees covered by the collective bargaining agreement." Hanks v. General Motors Corp., 906 F.2d 341, 344 (8th Cir. 1990). To make a proper preemption determination on a claim of this sort, "[t]he factual background of the entire case must be examined against an analysis of the state tort

---

838, 842 (Iowa App. 1997) (employment termination not outrageous); Noble v. Monsanto Co., 973 F. Supp 849, 860 (S.D. Iowa 1997) ("general name-calling and ridicule [in the workplace] does not satisfy the outrageousness element").

claim [to determine] whether the provisions of the collective bargaining agreement come into play." Hanks v. General Motors Corp., 859 F.2d 67, 70 (8th Cir. 1988).

In the first Hanks appeal, we concluded that the preemption question was "premature on the meager record before us." Because there was diversity jurisdiction over any unpreempted state law claims, we remanded to the district court with directions to preempt any claims requiring interpretation of the collective bargaining agreement, and to "permit those claims which [are] completely independent of the collective bargaining agreement to continue under the court's diversity jurisdiction." 859 F.2d at 70-71. In this case, parts of the St. Johns' tort claims as pleaded are preempted, but the record is too meager to determine whether other parts are independent of the collective bargaining agreement and therefore avoid preemption. Though the parties here are not diverse, the district court has supplemental jurisdiction over the entire action. As Farmer illustrates, careful application of the preemption doctrine may require measures at trial, such as appropriate jury instructions and limitations on damages awarded for outrageous workplace conduct, in order to satisfactorily protect both the federal labor law interests reflected in § 301, and the state interests reflected in the tort of intentional infliction of emotional distress. In these circumstances, the court should exercise both its federal question jurisdiction and its supplemental jurisdiction and resolve all claims on the merits.

The order of the district court remanding this case to the Iowa District Court for Polk County is vacated, and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.