# United States Court of Appeals

### FOR THE EIGHTH CIRCUIT

_____

No. 97-2774

_____

| | | |
|---|---|---|
| John Oberkramer, | * | |
| | * | |
| Plaintiff - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| IBEW-NECA Service Center, Inc.; | * | |
| Floyd Davis, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: February 12, 1998
Filed: July 20, 1998

_____

Before WOLLMAN and HANSEN, Circuit Judges, and DAVIS,[1] District Judge.

_____

HANSEN, Circuit Judge.

John Oberkramer appeals the district court's[2] order dismissing his complaint against defendants IBEW-NECA Service Center, Inc. (IBEW) and Floyd Davis. Oberkramer claims the court erred in ruling that his state law contract and tort claims

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

arising from his employment termination are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1994). We affirm.

## I.

Oberkramer was employed by IBEW as a claims processor from October 1994 until he was laid off in June 1996. Floyd Davis was the administrator of the service center and one of Oberkramer's supervisors. The terms of Oberkramer's employment were governed by the collective bargaining agreement between IBEW and the Service Employees International Union, Local 50 (the Union). The collective bargaining agreement contains a mandatory grievance-arbitration procedure and a seniority provision governing layoffs. The agreement also has a nondiscrimination clause that prohibits various forms of discrimination in employment, including discrimination based on sexual orientation.

During the course of Oberkramer's employment with IBEW, Davis became aware that Oberkramer is a homosexual. Oberkramer claims that Davis began to harass him and deny him employment benefits because of his sexual orientation. Oberkramer also claims that Davis terminated him because of his sexual orientation. IBEW and Davis contend that Oberkramer was laid off because of a reduction in the work force for his job classification and because of his status as IBEW's least senior full-time claims processor.

The Union filed two grievances on behalf of Oberkramer. One alleged that Oberkramer had been terminated because of his sexual orientation in violation of the collective bargaining agreement. The second alleged that Oberkramer had been

terminated in violation of the collective bargaining agreement's seniority provision. Both grievances were pending at the time Oberkramer filed the present lawsuit.[3]

On January 31, 1997, Oberkramer filed a complaint in the St. Louis City Circuit Court. In count I, Oberkramer alleged that IBEW and Davis breached his employment contract. In count II, Oberkramer alleged that Davis had intentionally inflicted emotional distress upon him and acted in violation of a St. Louis City Municipal ordinance prohibiting discrimination in employment based on sexual orientation. In count III, Oberkramer alleged that IBEW had intentionally inflicted emotional distress upon him and violated the City ordinance. IBEW and Davis removed the case to the United States District Court for the Eastern District of Missouri on February 11, 1997. IBEW and Davis filed a motion to dismiss on February 24, 1997, contending that Oberkramer's claims were preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), because their resolution was dependent on an analysis of the collective bargaining agreement. On March 7, 1997, Oberkramer filed an amended complaint and a motion to remand the case to state court. The amended complaint struck Davis from count I (the breach of contract claim) and added count IV, alleging tortious interference with contract against Davis. On March 18, 1997, IBEW and Davis moved to dismiss the amended complaint, again arguing that Oberkramer's claims were preempted by the LMRA.

---

[3]IBEW and Davis have moved to supplement the record to include the October 20, 1997, arbitration award denying both of Oberkramer's grievances. This court previously ordered that the motion be considered by the panel to which this case was submitted for disposition on the merits. See Eighth Circuit Order dated Nov. 24, 1997. We grant the motion, although we note that the arbitration ruling does not affect our analysis of the issues in this appeal. The arbitrator ruled that Oberkramer had not been discriminated against based on his sexual orientation and that IBEW did not violate the seniority provisions of the collective bargaining agreement when it terminated Oberkramer.

On April 9, 1997, the district court denied Oberkramer's motion to remand the case to state court and granted the defendants' motion to dismiss the amended complaint. The court dismissed the amended complaint without prejudice to Oberkramer's subsequent filing of an action asserting claims under § 301 of the LMRA. On April 21, 1997, Oberkramer filed a motion for a "new trial," which the district court apparently construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). On May 30, 1997, the district court denied the motion. Oberkramer appeals.

II.

Oberkramer argues that his state law contract and tort claims are not dependent upon an interpretation of the collective bargaining agreement and are therefore not preempted by § 301 of the LMRA. Oberkramer contends that because his claims are not preempted, the district court erred in dismissing his amended complaint and in failing to remand the case to state court.

Before reaching the merits of Oberkramer's appeal, we address an initial matter raised by IBEW and Davis regarding our review of the district court's rulings. IBEW and Davis argue that because Oberkramer's notice of appeal states only that he is appealing the district court's May 30, 1997, order denying his motion for a "new trial," and does not state that he is appealing the April 9, 1997, order denying Oberkramer's motion to remand the case to state court and dismissing the amended complaint, we only have jurisdiction to review the denial of the motion for "new trial." See F. Rule App. P. 3(c) ("A notice of appeal . . . must designate the judgment, order, or part thereof appealed from . . . ."); Klaudt v. United States Dep't of Interior, 990 F.2d 409, 411 (8th Cir. 1993) (court only has jurisdiction to review orders or judgments specifically set out in the notice of appeal). IBEW and Davis further contend that we must review this denial under an abuse of discretion standard. See Schultz v.

McDonnell Douglas Corp., 105 F.3d 1258, 1259 (8th Cir.), cert. denied, 118 S. Ct. 56 (1997).

Oberkramer's April 21, 1997, motion for a "new trial" made specific reference to the district court's prior order denying remand and dismissing the amended complaint. (See Appellant's app. at 169.) Oberkramer's motion asked the district court to remand the case back to state court. Under these circumstances, we need not and do not determine whether we only have jurisdiction to review the denial of Oberkramer's "new trial" motion, rather than the initial order dismissing the amended complaint. Even assuming that we only have jurisdiction to review the denial of the "new trial" motion under an abuse of discretion standard, such review necessarily includes an examination of whether the district court committed an error of law in ruling that Oberkramer's state law claims are preempted by § 301 of the LMRA. See Koon v. United States, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law."). We therefore must determine if the district court committed an error of law when it ruled that Oberkramer's state law claims are preempted by § 301 of the LMRA.

Section 301 of the LMRA, 29 U.S.C. § 185(a), provides that "[s]uits for violations of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." The Supreme Court has held that this section preempts state law claims that allege a violation of a provision of a collective bargaining agreement. Local 174, Teamsters v. Lucas Flour Co., 369 U.S. 95, 103-04 (1962). Such claims must be resolved through the grievance and arbitration procedures contained in the collective bargaining agreement or brought under § 301 of the LMRA. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 219-20 (1985). State law claims that are "substantially dependent" upon an analysis of the terms or provisions of a collective bargaining agreement or are "inextricably intertwined" with consideration of the terms or provisions of a collective bargaining agreement are also preempted by § 301. Id. at

213, 220. However, when a "state law claim is independent—in that its resolution 'does not require construing the collective-bargaining agreement'—it is not preempted." St. John v. International Assoc. of Machinists & Aerospace Workers, Local No. 1010, 139 F.3d 1214, 1217 (8th Cir. 1998) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407 (1988)). Section 301 is premised on the principle that the relationships created by a collective bargaining agreement must be defined by application of "an evolving federal common law grounded in national labor policy." Bowen v. United States Postal Service, 459 U.S. 212, 224-25 (1983); see also Lucas Flour, 369 U.S. at 103 ("The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective [bargaining] agreements."). Further, § 301 preemption is necessary to "preserve[] the central role of arbitration in our system of industrial self-government." Allis-Chalmers, 471 U.S. at 219.

We must examine each of Oberkramer's state law claims to see if they are preempted under § 301 of the LMRA. We first analyze Oberkramer's contract and tortious interference with contract claims. In count I of his amended complaint, Oberkramer alleges that IBEW breached its employment contract with him when it terminated his employment because he is a homosexual. The employment contract that he alleges was breached is the collective bargaining agreement. Thus, this claim is clearly preempted under § 301. See Lucas Flour, 369 U.S. at 103-04. The district court properly dismissed count I.

Similarly, in count IV of his amended complaint, Oberkramer claims that Davis wrongly caused IBEW to breach its employment contract with him. Again, the employment contract alleged here is the collective bargaining agreement. Resolution of this claim would require a determination of whether Davis caused IBEW to breach the collective bargaining agreement. See Johnson v. Anheuser Busch, Inc., 876 F.2d 620, 624 (8th Cir. 1989). This claim is "inextricably intertwined" with consideration

of the terms or provisions of the collective bargaining agreement and therefore is preempted. See Allis-Chalmers, 471 U.S. at 213. The district court properly dismissed count IV.

We next analyze Oberkramer's intentional infliction of emotional distress claims. In count II of his amended complaint, Oberkramer claims that Davis intentionally inflicted emotional distress upon him because he is a homosexual and that Davis violated a St. Louis city ordinance prohibiting discrimination based on sexual orientation. (See Appellant's App. at 93, citing City of St. Louis Ordinance No. 3.44.090.) In count III, Oberkramer alleges that IBEW intentionally inflicted emotional distress upon him because the acts complained of in count II were conducted "at the insistence of" IBEW while Davis was an agent of IBEW. (Appellant's App. at 94-95.)

"A claim of intentional infliction of emotional distress in the workplace will avoid preemption [under § 301 of the LMRA] if the employer's outrageous conduct violates its duty to every member of society, not just to employees covered by the collective bargaining agreement." St. John, 139 F.3d at 1219 (internal quotation omitted). To determine whether such a claim is preempted, "the factual background of the entire case must be examined against an analysis of the state tort claim to determine whether the provisions of the collective bargaining agreement come into play." Id. (alterations and internal quotation omitted). Further, "state law claims that are founded directly upon rights created by collective bargaining agreements" are preempted by § 301. King v. Hoover Group, Inc., 958 F.2d 219, 222 (8th Cir. 1992) (internal quotation omitted).

Oberkramer concedes that the St. Louis city ordinance does not provide for a private cause of action. Also, Missouri's antidiscrimination statutes do not prohibit discrimination based on sexual orientation. See Mo. Stat. Ann. § 213.055 (West 1996) (defined unlawful employment practices do not include discrimination based on sexual orientation). Finally, Oberkramer does not cite, and our research has failed to identify,

any cases to support the theory that Missouri common law provides a cause of action for employment discrimination based on sexual orientation.

The source of Oberkramer's right to be free from the acts alleged in count II is the collective bargaining agreement's nondiscrimination clause. Oberkramer has shown no independent state law creating a right to be free from the alleged conduct underlying these claims. Oberkramer has also failed to show that Davis's or IBEW's conduct violates a duty owed "to every member of society, not just to employees covered by the collective bargaining agreement." St. John, 139 F.3d at 1219 (internal quotation omitted). Resolution of Oberkramer's intentional infliction of emotional distress claims would require a determination of whether Davis's or IBEW's actions were prohibited under the collective bargaining agreement. These claims are "substantially dependent" upon an analysis of the terms or provisions of the collective bargaining agreement and therefore are preempted by § 301 of the LMRA. See Allis-Chalmers Corp., 471 U.S. at 220. The district court properly dismissed counts II and III.

### III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.