Mitchell C. GREEN, an individual, and on behalf of himself and all other similarly situated as a private attorney general, Plaintiffs,

v.

AMERITRADE, INC., a Nebraska Corporation; Ameritrade Holding Corp., a Delaware Corporation, Defendants.

No. 4:00CV0256.

United States District Court, D. Nebraska.

Nov. 16, 2000.

Matthew A. Lathrop, Hauptman, O'Brien Law Firm, Omaha, NE, Mark A. Ozzello, Arias, Ozzello Law Firm, Los Angeles, CA, for Plaintiffs.

Patrick B. Griffin, Richard P. Jeffries, Kutak Rock LLP, Omaha, NE, for Defendants.

1. Green's state court petition (filing 1 attachment) contained five causes of action, which he had designated as: (1) breach of contract; (2) fraud by intentional misrepresentation; (3) fraud by negligent misrepresentation; (4) violation of the Uniform Deceptive Trade Practices Act, Neb.Rev.Stat. §§ 87–301 to 87–306; and (5) violation of the Nebraska Consumer Protection Act, Neb.Rev.Stat. §§ 59–1601 to 59–1622.

2. The Act's operative provision, 15 U.S.C. § 78bb(f)(1), states:

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—

(A) a misrepresentation or omission of material fact in connection with the purchase or sale of a covered security; or

## MEMORANDUM AND ORDER

KOPF, District Judge.

This is a class action suit filed by Mitchell C. Green (Green), a California resident, against Ameritrade, Inc., a Nebraska corporation, and Ameritrade Holding Corp, a Delaware corporation (jointly "Ameritrade"). The putative class includes all "nonprofessional subscribers" who have paid Ameritrade $20 per month to obtain last sales information or real time market quotes for stocks or options via the internet. The suit was initiated in the District Court of Douglas County, Nebraska, but was promptly removed to federal court by Ameritrade as allegedly involving a class action that is covered by the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. § 78bb(f).

Following removal, Ameritrade filed a motion to dismiss (filing 2) and Green filed a motion to remand (filing 4), both of which were submitted to the Honorable William G. Cambridge for determination. In a memorandum opinion and order entered on June 22, 2000 (filing 9), Judge Cambridge ruled that Green's state-law claims[1] were completely preempted by SLUSA.[2] Accordingly, the motion to remand[3] was denied. While finding that

(B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

Removal of a "covered class action" is authorized by 15 U.S.C. § 78bb(f)(2):

Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

3. Green's motion to remand (filing 4) was filed pursuant to 15 U.S.C. § 78bb(f)(3)(D), which provides:

In any action that has been removed from a State court pursuant to paragraph (2), if the Federal court determines that the action may be maintained in State court pursuant to this subsection, the Federal court shall remand such action to such State court.

Ameritrade's motion to dismiss had merit, Judge Cambridge denied the same without prejudice and *sua sponte* granted Green thirty days in which to file an amended complaint. This was accomplished in a timely manner, on July 20, 2000.

The amended complaint (filing 12) alleges that Ameritrade breached its contractual duties by failing to employ practices which would provide the plaintiff class with actual last sales information on option quotes, and that the plaintiffs have incurred damages in the amount paid for the information. The relief requested includes an unspecified amount of compensatory damages, prejudgment interest, attorney's fees, and costs of suit.

Presently pending before the court are another motion to dismiss, filed by Ameritrade on September 11, 2000 (filing 20), and another motion to remand, filed by Green on September 29, 2000 (filing 21).[4] For the reasons stated below, the motion to remand will be granted.

The remand order will be entered pursuant to the court's discretionary authority under 28 U.S.C. § 1367(c), however, rather than pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction, as requested by Green. Because of the remand, I do not reach the merits of Ameritrade's motion to dismiss, and will deny the same without prejudice.

4. Also pending before the court is a motion for leave to submit a sur-reply brief, which was filed by Ameritrade on November 14, 2000 (filing 30). Without intending to encourage this practice, I have considered the tendered sur-reply brief in this particular case and will grant the motion *instanter*.

5. Section 1447(c) provides in part:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....

6. Section 1367(a) provides in part:

## I. Plaintiffs' Motion to Remand

It is Green's position that the amended complaint contains a single state-law claim for breach of contract which is not covered by SLUSA, and that the case therefore should be remanded to the District Court of Douglas County, Nebraska, pursuant to 28 U.S.C. § 1447(c),[5] because subject matter jurisdiction is now lacking in federal court. Ameritrade counters that the breach-of-contract claim that is alleged in the amended complaint is not materially different from the first cause of action that was alleged in the state court petition, which Judge Cambridge found to be preempted by SLUSA. Alternatively, Ameritrade argues that the court should exercise supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367(a).[6]

### A. SLUSA Preemption

The first issue to be determined is whether the claim that is alleged in the amended complaint is preempted by SLUSA and therefore subject to dismissal under Fed.R.Civ.P. 12(b)(6). I find that it is not because there is no allegation that Ameritrade was guilty of "a misrepresentation or omission of material fact" or that it "used or employed any manipulative or deceptive device or contrivance" in connection with the purchase or sale of a covered security.

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

Subsection (c) of section 1367 provides in part:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(3) the district court has dismissed all claims over which it has original jurisdiction,....

■ The intent of Congress in enacting SLUSA was to completely preempt, with the exception of certain "preserved" actions,[7] all state class actions alleging fraud or manipulation relating to covered securities. *See Abada v. Charles Schwab & Co., Inc.,* 68 F.Supp.2d 1160, 1165 (S.D.Cal. 1999). The Act's language parallels that of Section 10(b) of the Securities Exchange Act of 1934[8] and Rule 10b–5 as promulgated by the Securities and Exchange Commission.[9] Because of this similarity, courts have looked to Section 10(b) and Rule 10b–5 cases in construing SLUSA. *See Burns v. Prudential Securities,* 116 F.Supp.2d 917 (N.D.Ohio 2000).

■ Scienter is an acknowledged essential element of a Section 10(b) or Rule 10b–5 claim even though it is not explicitly required by the statutory text. *See Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1534 (8th Cir.1996) (citing *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976)). *See also In re NationsMart Corp. Securities Litigation* 130 F.3d 309, 320 (8th Cir.1997) ("Proof of scienter, or the 'intent to deceive, manipulate, or defraud,' is necessary to prevail in a 10b–5 action."), *cert. denied,* 524 U.S. 927, 118 S.Ct. 2321, 141 L.Ed.2d 696 (1998). Also, because a Rule 10b–5 claim is necessarily grounded in fraud, the more stringent pleading requirements of Fed.R.Civ.P. 9(b) apply.[10] *Id.*

Green's amended complaint, unlike his state court petition, contains no allegations that Ameritrade made any misrepresentations or that it engaged in any deceptive practices. While Ameritrade characterizes this merely as "artful pleading," the changes are substantive.

For example, Green originally alleged that "AMERITRADE does not purchase or obtain real time last sales information from all option exchanges and/or market makers, yet the subscriber is *led to believe* that the option quotes on his/her quote list are in fact real time, last sales information quotes, from any and all exchanges or market makers." Petition (filing 1, ¶ 12) (emphasis supplied). By contrast, Green now alleges that "AMERITRADE does not purchase or obtain real time last sales information from all option exchanges and/or market makers, yet the subscriber *contracts* for option quotes, which are supposed to be real time, last sales information quotes, from any and all exchanges or market makers." Amended Complaint (filing 12, ¶ 12) (emphasis supplied).

Ameritrade points out that the amended complaint's prayer for relief still includes a request for attorney's fees under the Nebraska Consumer Protection Act and the Uniform Deceptive Trade Practices Act. I do not consider this apparent oversight to be determinative, since the prayer for relief is no part of the claim stated. *See Peitzman v. City of Illmo,* 141 F.2d 956, 962 (8th Cir.1944) (but also stating that in case of doubt as to the nature of the cause of action, the prayer of the complaint may be looked to).

If any significance is to be attached to the prayer for relief, it is that the amended complaint seeks compensatory damages, whereas the state court petition sought injunctive relief and restitution. This is indicative of the fact that Green now intends the action to sound purely in contract.

---

7. See 15 U.S.C. § 78bb(f)(3). None of these exceptions are applicable in this case.

8. Section 10(b), 15 U.S.C. § 78j(b), makes it unlawful "[t]o use or employ in connection with the purchase or sale of any security ..., any manipulative or deceptive device or contrivance...."

9. Rule 10b–5, 17 C.F.R. § 240.10b–5, makes it unlawful "[t]o make any untrue statement of material fact or to omit to state a material fact ... in connection with the purchase or sale of any security."

10. The Private Securities Litigation Reform Act of 1995 (PSLRA) contains additional heightened pleading requirements for securities fraud actions. *See* 15 U.S.C. § 78u–4(b).

In summary, I construe the amended complaint as alleging nothing other than a claim for breach of express agreements by Ameritrade to provide members of the plaintiff class with "real time, last sales information" [11] on option quotes. As such, I conclude that the claim is not preempted by SLUSA because no proof of scienter is required. *See Burns v. Prudential Securities, supra* (holding that SLUSA did not preempt state-law claims for conversion, breach of contract, breach of fiduciary duty, and negligent supervision against securities brokerage firm).

### B. Mandatory Remand

The next issue to be determined is whether the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).[12] I find that it does not because the court has not been divested of subject matter jurisdiction.

▮▮▮ The complete preemption doctrine converts an ordinary state-law claim into a federal claim. *See Gore v. Trans World Airlines,* 210 F.3d 944, 949 (8th Cir.2000). Under this doctrine, "the preemptive force of certain federal statutes is deemed so 'extraordinary' as to convert complaints purportedly based on the preempted state law into complaints stating federal claims *from their inception." Krispin v. May Dept. Stores Co.,* 218 F.3d 919, 922 (8th Cir.2000) (citing

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)) (emphasis supplied). As to such claims, in other words, the federal district courts have original jurisdiction because they "arise under" the laws of the United States.[13] *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425; 28 U.S.C. § 1331; 28 U.S.C. § 1441(b).

Although the matter is not entirely free from debate, most courts which have addressed the issue have held that the language "lacks subject matter jurisdiction" in 28 U.S.C. § 1447(c) refers only to defects existing at the time of removal. *See* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3739 at 435–36 (3d ed.1998). This prevailing interpretation of the statute also appears to be the law in this circuit. *See Kansas Public Emp. Ret. System v. Reimer & Koger,* 77 F.3d 1063, 1067–68 (8th Cir.) ("The existence of [supplemental] jurisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated."), *cert. denied,* 519 U.S. 948, 117 S.Ct. 359, 136 L.Ed.2d 250 (1996).[14] *But see In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir.2000) ("[I]n cases where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by

**11.** Green also alleges in this regard that "'real time' and 'last sales information' are terms of art and, with respect to stocks and options has (sic) come to connote the last price paid from every exchange and/or market maker." Amended Complaint (filing 12, ¶ 11).

**12.** Although diversity of citizenship exists in this case, *see* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3606 at 424 (2d ed. 1984) ("The courts look only to the citizenship of the representative parties in a class action...."), Green asserts, and Ameritrade does not dispute, that the matter in controversy does not exceed the sum of $75,000, exclusive of interest and costs, so as to confer subject matter jurisdiction under 28 U.S.C. § 1332. This appears to be correct. *See, e.g.,*

*Crosby v. America Online, Inc.,* 967 F.Supp. 257 (N.D.Ohio 1997) (class members' claims not aggregated where suit based on individual contract rights).

**13.** Thus, the complete preemption doctrine is properly viewed as a federal jurisdiction doctrine rather than a preemption doctrine. *See Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1486–87 (7th Cir.1996).

**14.** This clearly was the law in this circuit prior to amendment of section 1447(c) in 1988. *See Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1969) ("It is the situation at the time of removal which is determinative. A subsequent change ... does not defeat federal jurisdiction acquired through removal.") (citations omitted).

examining the face of the amended complaint.").[15]

The Court of Appeals has, in any event, "given at least tacit approval to the proposition that, where the court has dismissed or otherwise disposed of the federal claim or claims upon which removal was premised, the statute governing the court's jurisdiction over remaining state-law claims is 28 U.S.C. § 1367(c) rather than 28 U.S.C. § 1447(c), and, as a consequence, the court has discretion either to retain jurisdiction or to remand remaining state-law claims to state court." *Hansen v. Sioux By–Products*, 988 F.Supp. 1255, 1262 (N.D.Iowa 1997). Thus, in *In re Prairie Island Dakota Sioux*, 21 F.3d 302 (8th Cir.1994) (per curiam), it was held that the district court had correctly exercised its discretion under § 1367(c) to remand a removed case where the plaintiffs' amended complaint deleted all claims arising under federal law. Similarly, in *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir.1996), it was held that "the district court never lacked subject matter jurisdiction" where it remanded a case under § 1367(c) after determining (albeit, erroneously) that no federal claims remained. The same result was reached in *St. John v. Intern. Ass'n of Mach. & Aero. Workers*, 139 F.3d 1214 (8th Cir.1998), where the plaintiff voluntarily dismissed a breach-of-contract claim that was held to be completely preempted by § 301 of the Labor Management Relations Act of 1947 and then sought to have its remaining state-law tort claims remanded.

## C. Discretionary Remand

The final issue to be determined with reference to the motion to remand [16] is whether the court should decline to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). I conclude that it should.

■ "Even though remand is permissible pursuant to § 1367(c)(3), it has long been the law of this circuit, guided by the Supreme Court, that the decision whether to exercise supplemental jurisdiction over state-law claims when federal claims have been dismissed depends upon 'factors such as convenience, fairness, and comity.'" *Hansen*, 988 F.Supp. at 1264 (citations omitted). Judicial economy is also a factor to consider, and the Supreme Court has stated that federal courts usually should decline to exercise supplemental jurisdiction "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

■ Ameritrade argues that its pending motion to dismiss, filed pursuant to Fed. R.Civ.P. 12(b)(6), will dispose of the lawsuit, and that the court should rule on the motion because it does not raise any novel or complex issue of state law. While the motion to dismiss arguably is ripe for decision, having been fully briefed by both sides, there are several reasons why I am not inclined to address the motion on its merits.

First, the motion involves consideration of contract documents which are not properly before the court. Thus, Ameritrade argues that Green signed two written agreements, neither of which allegedly required Ameritrade to provide last sales information from any and all exchanges or market makers, and both of which alleged-

15. This amended complaint rule is subject to an exception, however, that "when a district court orders a party to amend its complaint or when the decision to amend is otherwise involuntary, the question of proper removal must be answered by examining the original rather than the amended complaint." *Atlas Van Lines*, 209 F.3d at 1067 (citing *Humphrey*

*v. Sequentia, Inc.*, 58 F.3d 1238, 1241 (8th Cir.1995)).

16. Although the motion to remand only references 28 U.S.C. § 1447(c), Green states in his briefs that remand is discretionary with the court.

ly contained disclaimers regarding the completeness or accuracy of the information provided. Copies of the contracts are attached to Ameritrade's brief, but have not been authenticated and filed as required by NELR 7.1(a)(2).[17]

Second, even though Green does not contest the accuracy of the documents that are attached to Ameritrade's brief, it appears that the court should not consider such documents without first converting Ameritrade's motion to dismiss into a motion for summary judgment and giving the parties a reasonable opportunity to present all pertinent evidentiary materials, as required by Rule 12(b).[18] *See, e.g., Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir.1992) (holding that motions to dismiss should have been converted into motions for summary judgment where the district court relied upon contract documents submitted by the defendant); *Bennett v. Berg,* 685 F.2d 1053, 1056 (8th Cir.1982) (noting that the district court probably should have converted a motion to dismiss into a motion for summary judgment where consideration was given to an agreement attached to the defendant's brief).[19] This is especially true since Green argues in his brief (consistent with opposing a motion to dismiss rather than a motion for summary judgment) that the amended complaint is sufficient under Fed.R.Civ.P. 8, and also

suggests that additional documents are relevant to the claim.

Third, and most importantly, the court cannot consider the merits of the motion to dismiss without exercising its supplemental jurisdiction. For this reason, the court's decision whether to retain jurisdiction should not involve a substantive assessment of the breach-of-contract claim. It is a familiar principle, of course, that a complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. *See, e.g., Parnes,* 122 F.3d at 546. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.* As an abstract proposition it therefore is reasonable to assume that the action is likely to proceed beyond the pleading stage.

Construction of the applicable contracts may not entail any novel or complex issue of Nebraska law (indeed, Ameritrade represents that its contracts are governed by the laws of New York and the District of Columbia), but the class action aspects of the case conceivably could implicate comity concerns. Conversely, it can be argued

---

**17.** This local rule provides in relevant part:

[I]f a motion requires consideration of matters not established by the pleadings, the moving party at the time of delivery and service of its supporting brief shall file with the Clerk such evidentiary materials, including discovery materials and affidavits, as are being relied upon and have not previously been filed, and shall serve a copy of them upon each other party; such documents shall *not* be attached to the brief.... Documents must be identified and authenticated by affidavit....

**18.** Converting Ameritrade's motion to dismiss into a motion for summary judgment would preclude the possibility of Green voluntarily dismissing the action pursuant to Fed. R.Civ.P. 41(a)(1)(i). *See Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.,* 187 F.3d 941, 950 (8th Cir.1999), *cert. denied,* — U.S. ——, 120 S.Ct. 937, 145 L.Ed.2d 815 (2000).

Whether that option is available to Green at the present time is questionable, however. If Fed.R.Civ.P. 23(e) applies to putative class actions before certification of the class, then court approval for the dismissal would be required in any event. *See id.*

**19.** *But see Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999) (stating that a district court ruling on a Rule 12(b)(6) motion may consider materials that are "necessarily embraced by the pleadings.") (citing *Piper Jaffray Cos. v. National Union Fire Ins. Co.,* 967 F.Supp. 1148, 1152 (D.Minn.1997)); *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997) (holding that court could consider undisputed documents upon which the plaintiff based his action); *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 546 n. 9 (8th Cir. 1997) (holding that court could consider prospectus that was not attached to complaint).

that the matter should remain in federal court to insure that state-law claims which are preempted by SLUSA do not creep back into the lawsuit.[20]

On balance, I conclude that the case should be returned to the District Court of Douglas County, Nebraska, which, after all, is the forum that was selected by the plaintiff. "Where the federal element which is the basis for jurisdiction is disposed of early in the case, as on the pleadings, it smacks of the tail wagging the dog to continue with a federal hearing of the state claim." *Gorman Towers, Inc. v. Bogoslavsky*, 626 F.2d 607, 616 (8th Cir.1980) (quoting *McFaddin Express, Inc. v. Adley Corp.*, 346 F.2d 424, 427 (2d Cir.1965)). Accordingly, the case will be remanded pursuant to clause (3) of subsection (c) of § 1367.

## II. Defendants' Motion to Dismiss

For the reasons discussed above, Ameritrade's motion to dismiss will be denied without prejudice to its refiling (or to the filing of any other appropriate state-court pleading) following remand.

IT IS ORDERED:

(1) Plaintiff's motion to remand (filing 21) is granted pursuant to 28 U.S.C. § 1367(c)(3);

(2) Defendants' motion to dismiss (filing 20) is denied without prejudice;

(3) Defendants' motion for leave to submit sur-reply brief (filing 30) is granted *instanter*;

(4) Judgment shall be entered by separate document; and

(5) The Clerk of the United States District Court for the District of Nebraska is directed to take all steps necessary to effectuate the remand of this case to the District Court of Douglas County, Nebraska, and shall send a copy of this Memorandum and Order and a copy of the Judg-

ment to the Clerk of the District Court of Douglas County, Nebraska, by certified mail.

## JUDGMENT

Pursuant to the court's **Memorandum and Order** previously filed this date, and 28 U.S.C. § 1367(c)(3), this action is hereby remanded to the District Court of Douglas County, Nebraska (Docket 992, Page 121).

---

20. In such event, however, the case once again would be subject to removal to federal court. *See* 28 U.S.C. § 1446(b).