# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1676

_____

| | | |
|---|---|---|
| Thomas Scherer, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Curators of the University of Missouri | * | [UNPUBLISHED] |
| d/b/a UMKC School of Law, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| Law School Admission Council, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: October 28, 2002
Filed: October 31, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
Judges.

_____

PER CURIAM.

Thomas Scherer appeals the district court's[1] final judgment for defendants, as
well as several preliminary orders, in his action brought under the Americans with

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for
the Western District of Missouri.

Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); an unspecified "Civil Rights Act"; and the Missouri Sunshine Law, Mo. Rev. Stat. § 610.010 et seq.

Having carefully reviewed the record, we find that the district court properly dismissed Scherer's ADA claim against the Curators based on Eleventh Amendment immunity, see Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (Eleventh Amendment bars suits against state under Title II of ADA), cert. dismissed, 529 U.S. 1001 (2000); see also Sherman v. Curators of the Univ. of Mo., 871 F. Supp. 344, 348 (W.D. Mo. 1994) (holding that University of Missouri is state instrumentality entitled to Eleventh Amendment immunity); that the district court properly construed Scherer's "Civil Rights Act" claim as brought under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, and dismissed the claim because Scherer did not state a claim under the statute, see 42 U.S.C. § 2000d (Title VI bars discrimination based on race, color, or national origin); Briehl v. Gen. Motors Corp., 172 F.3d 623, 627 (8th Cir. 1999) (complaint must at least contain facts that state claim as a matter of law); and that the district court properly granted summary judgment to the Curators on Scherer's Rehabilitation Act claim, as Scherer admitted that the Law School did not consider his disability in making its admission decision, and he did not specify any accommodation the Law School should have provided him, see Timothy H. v. Cedar Rapids Cmty. Sch. Dist., 178 F.3d 968, 971 (8th Cir. 1999) (elements of claim).

We further find that the district court did not ignore an equal-protection claim or a claim under the Federal Educational Rights and Privacy Act, 20 U.S.C. § 1232g, as Scherer did not allege either claim against the Curators. We lack jurisdiction to consider an order entered in the United States District Court for the District of Kansas, which transferred the case to the United States District Court for the Western District of Missouri, see 28 U.S.C. § 1294(1); and from the denial of Scherer's motion brought under Federal Rule of Civil Procedure 60(b), as he did not file a notice of

appeal or an amended notice of appeal after the district court denied the motion, see Fed. R. App. P. 4(a)(4)(B)(ii); Miles v. Gen. Motors Corp., 262 F.3d 720, 722-23 & n.3 (8th Cir. 2001). We find that the district court acted within its discretion in declining to exercise supplemental jurisdiction over Scherer's remaining claim under the Missouri Sunshine Law, see 28 U.S.C. § 1367(c)(3); St. John v. Int'l Ass'n of Machinists & Aerospace Workers, 139 F.3d 1214, 1216-17 (8th Cir. 1998), but we clarify that the dismissal of the state claim is without prejudice. Finally, the district court properly ruled that all pending motions were moot once the court had correctly disposed of all of Scherer's claims.

Accordingly, the judgment is affirmed, and all motions pending before this court are denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.