# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1863

_____

| | | |
|---|---|---|
| Eric G. Williams, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| George P. Reintjes Company, Inc., a | * | |
| Missouri corporation, et al., | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted:  November 19, 2003

Filed:  March 23, 2004

_____

Before LOKEN, Chief Judge, McMILLIAN and BEAM, Circuit Judges.

_____

LOKEN, Chief Judge.

Eric G. Williams sued his former employer, George P. Reintjes Company, in state court for fraud, negligent misrepresentation, and conversion.  Williams alleged that Reintjes falsely represented that he was not entitled to the employee benefits mandated by the collective bargaining agreement between Reintjes and the Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers, and Helpers ("the Union") and converted benefit monies that should have been paid to the Union on his behalf.  Williams sought to recover the value of unpaid benefits from Reintjes (and from additional defendants who are not relevant to this appeal).  The defendants

removed the action to federal court and moved for judgment on the pleadings. The district court[1] dismissed the complaint, concluding that Williams's claims are preempted by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and are time-barred by § 301's six-month statute of limitations. Williams appeals, arguing that his state law tort claims are not preempted. Reviewing the dismissal de novo, we affirm. See Oberkramer v. IBEW-NECA Serv. Ctr., Inc., 151 F.3d 752, 756 (8th Cir. 1998) (standard of review).

Section 301 is "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209 (1985). Section 301 preempts inconsistent state law actions and remedies because "[t]he possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." Teamsters v. Lucas Flour Co., 369 U.S. 95, 103 (1962). In some cases, determining whether a state law tort claim is preempted by § 301 can be a difficult and complex task. See, e.g., Livadas v. Bradshaw, 512 U.S. 107, 124 n.18 (1994). But one principle is firmly established -- § 301 preempts state law tort claims "founded directly on rights created by collective-bargaining agreements." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 410 n.10 (1988), quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987); see United Steelworkers v. Rawson, 495 U.S. 362, 369 (1990) (a state law tort action is preempted "if the duty to the employee of which the tort is a violation is created by a collective-bargaining agreement"); Meyer v. Schnucks Mkts., Inc., 163 F.3d 1048, 1050-51 (8th Cir. 1998).

In this case, the complaint alleges that Williams was employed as a boilermaker technician, a non-union position, but Reintjes sent him "in the field" to perform the

---

[1]The HONORABLE CHARLES A. SHAW, United States District Judge for the Eastern District of Missouri.

work of a boilermaker, a more skilled and highly-paid union position. For that purpose, Reintjes enrolled Williams in the Union and gave him a "Union card." Reintjes paid Williams the wages of a boilermaker, but it only provided him the benefits provided to all non-union boilermaker technicians, rather than the greater benefits to which boilermakers were entitled under the collective bargaining agreement between Reintjes and the Union. Williams continued to work for these lesser benefit levels because Reintjes fraudulently or negligently misrepresented to boilermaker technicians that they were not entitled to union benefits despite performing the work of boilermakers.

These tort claims are based directly upon the collective bargaining agreement. That agreement defined the benefits to be paid by Reintjes to employees working as boilermakers. Williams alleges that he was entitled to those higher benefits, but he worked for the lesser benefits provided boilermaker technicians in reliance upon Reintjes's misrepresentations. To prevail on his tort theories, Williams must prove that he was a member of the bargaining unit performing work encompassed by the benefits provisions of the collective bargaining agreement. Thus, the collective bargaining agreement created the tort-law duty Reintjes is alleged to have violated -- to represent fairly and accurately whether the work which Williams performed was governed by the benefits provisions of the collective bargaining agreement. Such claims are clearly preempted, like the tort claims in St. John v. International Association of Machinists & Aerospace Workers, Local #1010, 139 F.3d 1214, 1218-19 (8th Cir. 1998), Bell v. Gas Service Co., 778 F.2d 513, 517-18 (8th Cir. 1985), and Moore v. General Motors Corp., 739 F.2d 311, 314, 316 (8th Cir. 1984), cert. denied, 471 U.S. 1099 (1985). See Livadas, 512 U.S. at 125 n.20 ("a claim that a collective-bargaining agreement entitled [plaintiff] to a higher wage . . . derives its existence from the collective-bargaining agreement").

The judgment of the district court is affirmed.

_____