**Drew M. BADANISH, Plaintiff,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 95 C 2653.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 14, 1995.

---

Alan Tuckey, Chicago, IL, for plaintiff.

Anita Modak–Truran, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Drew Badanish ("Badanish") initially filed a Complaint for Administrative Review and Other Relief in the Circuit Court of Cook County, naming as defendants the City of Chicago and certain of its departments and officials (for convenience all defendants are treated in the singular here and are collectively referred to as "City"). City then filed a timely Notice of Removal because in part the Complaint asserted claims that Badanish's federal constitutional rights had been violated. Now City has moved to dismiss the

Complaint, supporting its motion with a Memorandum and various exhibits, and Badanish has filed a Memorandum in Opposition.

■■ What the submissions reveal most graphically is that it can be a serious mistake for a litigant to respond in Pavlovian fashion by filing a notice of removal (the legal equivalent of salivation by Pavlov's dogs) every time that the bell of potential removability has been rung.[1] As the caption to Badanish's Complaint reflects, the very first relief that he was seeking was administrative review under 625 ILCS 5/11–1301.1. But this Court is of course not subject to the provisions of the Illinois Code of Civil Procedure that confer jurisdiction upon, and that establish the procedures for, Illinois Circuit Courts to review decisions by Illinois administrative agencies (735 ILCS 5/3–101 to – 112). As is true of all federal courts, this Court's jurisdiction is limited and is expressly defined by Congress, not by the Illinois General Assembly.

More importantly, what has emerged from the parties' filings (and what was really apparent from the very outset) is that a critical issue (if not *the* critical issue) in determining whether City's minions had properly affixed the Denver Boot to the car driven by Badanish, a handicapped person,[2] was whether Badanish could challenge the original issuance of the underlying parking tickets as invalid because the persons ticketing the car had wrongfully ignored the handicapped parking placard that Badanish says he had displayed in the car at all times. Both sides here agree that the Illinois state law (625 ILCS 5/11–1301.1) and City Code § 9–64–010(c) exempt the holders of such placards from parking meter fees when the handicapped person has driven the car and leaves the placard displayed there upon leaving the car. As Badanish's Mem. 2 points out, none of the five grounds that are listed in City Code § 9–100–060 as the only bases for contesting parking tickets refers to that handicapped-person exemption.

So what this case presents at the outset is a question of the proper construction and application of City's ordinance that has never been the subject of state judicial determination—a subject that would have been wholly appropriate grist for the mill of the Circuit Court of Cook County on the administrative review sought by Badanish, but that is entirely inappropriate for presentation to this Court in the first instance. Even apart from any procedural problems that may be involved in seeking and obtaining before a federal court what would ordinarily be state court administrative review, the concept of *Pullman* abstention (*Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)) was really devised for exactly such a situation as is posed here. And City's lawyers should note that it would have been entirely unnecessary for this Court even to look to that doctrine if City had simply left things where they were, with the case pending before a state court that was fully competent to address state law issues and federal constitutional issues alike.

■■ In any event, it is crystal clear that Badanish's Count I claim for administrative review is a "matter[ ] in which State law predominates" (28 U.S.C. § 1441(c)). This Court therefore remands Count I to the Circuit Court of Cook County in accordance with that last-cited statute. And because the issue referred to in this opinion is really the linchpin of all of Badanish's remaining claims—for declaratory judgment (Count II), for injunction (Count III) and for class relief (Count IV)—this Court also stays all further proceedings in this action under *Pullman* principles. Finally and relatedly, because all the issues will necessarily be impacted by the Circuit Court's resolution of the administrative review action, City's motion to dismiss is denied without prejudice to its possible reassertion at a later date. Meanwhile, in the intervening time between the issuance of this

---

1. We are regularly reminded that state courts are of equal competence with federal courts to enforce the United States Constitution, which is of course the supreme law of the land.

2. Attachment of the Denver Boot is an enforcement measure intended to inconvenience (perhaps an understatement) persons whose nonpayment of multiple parking tickets classifies them as scofflaws.

opinion and the next scheduled status date of July 25, 1995, City is urged to reconsider whether orderly jurisprudence would not be better served by returning the entire case to the state court for decision.