PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CHRISTOPHER J. HINSON, on behalf of
himself and all others similarly
situated; SUSAN HINSON, on behalf of
herself and all others similarly
situated; GREGORY W. MOON;
DEBORAH MOON; BEATRICE WOODEN
WASHINGTON; JOHN THOMPSON, JR.;
MARSHA THOMPSON; JOE W. COLLINS;
LINDA COLLINS, on behalf of
themselves and all others similarly
situated,

     *Plaintiffs-Appellees,*

    v.

NORWEST FINANCIAL SOUTH
CAROLINA, INCORPORATED,

     *Defendant-Appellant.*

No. 99-1087

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., Chief District Judge.
(CA-95-2346-0-17)

Argued: November 2, 2000

Decided: February 6, 2001

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by published opinion. Judge Niemeyer wrote the opinion,
in which Judge Traxler joined and Judge Luttig joined in part. Judge
Luttig wrote a concurring opinion.

**COUNSEL**

**ARGUED:** Benjamin Rush Smith, III, NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Columbia, South Carolina, for Appellant. Steven Walker Hamm, RICHARDSON, PLOWDEN, CARPENTER & ROBINSON, Columbia, South Carolina, for Appellees. **ON BRIEF:** William C. Hubbard, John T. Moore, NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Columbia, South Carolina, for Appellant. Bradford P. Simpson, B. Randall Dong, D. Michael Kelly, SUGGS & KELLY LAWYERS, P.A., Columbia, South Carolina, for Appellees.

---

**OPINION**

NIEMEYER, Circuit Judge:

After all the federal claims were settled in this truth-in-lending case, the district court remanded the State law claims to the State court from which the case had previously been removed. We are presented with the question of whether the district court abused its discretion in doing so. In affirming, we reject the defendant's argument that the remaining State law claims could not be remanded to State court on the ground that the parties asserting them joined the case only after it had been removed to federal court.

I

Christopher and Susan Hinson commenced this class action in June 1995 in South Carolina State court against Norwest Financial South Carolina, Inc. ("Norwest"), alleging that when they borrowed money from Norwest on the security of a mortgage on their home, Norwest failed to inform them "of their right to be represented by counsel of their choice at the closing." They also alleged that misrepresentations were made with respect to the stated rate of interest and the pay-off amount and that Norwest otherwise failed to comply with South Carolina's truth-in-lending act. Their complaint alleged that this conduct violated South Carolina statutory and common law.

Norwest removed this action to the federal court based on its assertion that one count stated a cause of action under the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*

After Norwest filed its answer in federal court, the Hinsons moved to amend their complaint under Federal Rule of Civil Procedure 15(a) to join seven additional parties plaintiff who were also borrowers of Norwest, alleging that despite the fact that they did receive some attorney preference information from Norwest, the notice, and other actions taken by Norwest, did not comply with State law. Over Norwest's objection, which was based on the futility of the new plaintiffs' claims, the district court granted the motion to amend. In so ruling, the court stated:

> From my experience most of the time when I [have] denied a motion to amend on futility, it has been a situation where the statute of limitations has clearly expired or the statute clearly does not provide right of action or something where it is a slam dunk. It is not going anywhere.

> Here it is pretty involved. You may well be right. You may convince me this form is acceptable even though it is not in the format drafted by the Department of Consumer Affairs.

In the context of that doubt, the court granted the motion to amend.

Norwest and the Hinsons, as well as the class members whom they purported to represent, then reached a settlement of their claims, including the federal claim on which removal was based, leaving in the case only the seven added plaintiffs, whose claims derived solely from State law. After the settlement was approved, these seven plaintiffs filed a motion under 28 U.S.C. §§ 1367(c) and 1441(c) to remand the case to State court, arguing

> that the case was initially removed on the basis of federal question jurisdiction; that the federal question and other claims of Christopher and Susan Hinson have since been compromised, settled and released with prejudice; and that State law predominates in the remaining causes of action of the above-named Plaintiffs.

The district court granted the motion and entered an order remanding the case to the State court from which it was removed. In doing so, the court concluded that the State law claims predominated, and it rejected Norwest's argument that the court lacked the power to remand under 28 U.S.C. § 1447(c) because the motion to remand was made more than 30 days after the filing of the notice of removal. The court said that the 30-day limitation applied only to "motions to remand on the basis of procedural irregularities in the process of removal."

Norwest appeals this ruling, contending that the district court lacked the power to remand in the circumstances of this case. It also challenges the district court's related ruling that permitted the seven new plaintiffs to join the federal action.

II

We begin with the question of whether we have jurisdiction to review the district court's remand order. Section 1447(d) of Title 28 provides, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." But this seemingly broad restriction on the appellate review of remand orders is limited to remands based on the grounds specified in § 1447(c), authorizing remands based on a defect in the removal or on a lack of subject matter jurisdiction. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996). Remand orders that are not subsumed under the § 1447(d) prohibition may be appealed pursuant to 28 U.S.C. § 1291, which provides for appeals of final judgments. *See Quackenbush*, 517 U.S. at 715 (permitting appeal of an abstention-based remand order under § 1291 and disavowing a previous decision's broad statement that "an order remanding or removed action does not represent a final judgment reviewable on appeal" (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 352-53 (1976)).

Forecasting our holding below that the remand authority in this case is not derived from § 1447(c), but is inherent in the authority of a district court to decline to exercise jurisdiction under 28 U.S.C. § 1367(c), we conclude that we have jurisdiction to review the remand order under 28 U.S.C. § 1291. And if the scope of this review

does not include the review of all orders entered before the remand order, we would have pendent appellate jurisdiction to review the district court's earlier joinder order because that order is inextricably linked to the outcome of the remand issue. *See Roberson v. Mullins*, 29 F.3d 132, 136 (4th Cir. 1994); *see also Clinton v. Jones*, 520 U.S. 681, 707 n.41 (1997) (citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995)).

## III

On the principal question of whether the district court had authority to remand this case to State court, Norwest contends that the district court lacked such power because the only parties remaining in the case joined the action while the case was pending in federal court, rather than State court, and when a plaintiff first files its claim in federal court, remand is not an option. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Norwest also contends, again relying on *Carnegie-Mellon*, *see id.* at 357, that the district court abused its discretion in failing to consider "the values of economy, convenience, fairness, comity, and whether plaintiffs attempted to manipulate the forum" when it decided to remand the case. We address these two points in order.

## A

The Hinsons' complaint, which was originally filed in South Carolina State court, stated both a federal cause of action and State causes of action arising out of the Hinsons' loans from Norwest. Norwest, relying on the federal claim, removed the case to federal court on the basis of 28 U.S.C. § 1441(a), which provides for removal of civil actions "of which the district courts of the United States have original jurisdiction." The district court had jurisdiction over the Hinsons' State law claims under 28 U.S.C. § 1367, which confers supplemental jurisdiction over State law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." And whether the federal-law claims and State-law claims are part of the same case is determined by whether they "'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceed-

ing.'" *Carnegie-Mellon*, 484 U.S. at 349 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)) (alteration in original).

When, after the case had been removed to federal court, the district court granted the Hinsons' motion to amend to join seven additional parties plaintiff, it must have relied on 28 U.S.C. § 1367(a) for its jurisdiction over the newly joined plaintiffs' claims because these plaintiffs only alleged State law claims. *See* 28 U.S.C. § 1367(a) (providing, in part, that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties"). Of necessity, therefore, the Hinsons' claims (originally filed in State court) and the seven new plaintiffs' State-law claims (added after the case was removed to federal court) became part of one constitutional case, at least if we assume that the district court properly joined the seven new plaintiffs — an issue that we address below.

The initial question we must resolve is whether the district court had the judicial power to remand a removed case to State court after the federal claims that formed the basis for removal had been adjudicated or had dropped out of the case.

The removal statute authorizes remand to State courts under several specified circumstances. *See* 28 U.S.C. §§ 1441(c), 1447(c), 1447(e), 1452. But none appears to be applicable to this case. Section 1441(c) provides for remand of "matters in which State law predominates" when "*a separate and independent claim* or cause of action" within federal question jurisdiction is joined with a non-removable claim or cause of action and the entire case is removed. (Emphasis added). That section does not, however, apply when pendent claims, as distinct from "separate and independent claims," are involved, because "pendent claims are not 'separate and independent' within the meaning of the removal statute." *Carnegie-Mellon*, 484 U.S. at 354. Section 1447(c) is also not applicable because it authorizes the grant of remand motions filed within 30 days after removal for any defect in the removal process other than subject matter jurisdiction and motions filed at any time for lack of subject matter jurisdiction. In this case, the parties do not assert any defect in the removal process, nor do they claim that the district court lacked subject matter jurisdiction over the case. Supplemental jurisdiction authorized the district court to adjudicate the State pendent claims of the newly and properly

joined plaintiffs even after the federal claim dropped out of the case. *See* 28 U.S.C. § 1367(a) (extending supplemental jurisdiction to joined parties). Similarly, § 1447(e), authorizing remand if the district court permits joinder that would destroy subject matter jurisdiction is not applicable to the circumstances before us. Finally, § 1452(b), which applies only to specified bankruptcy matters, is not relevant here.

Indeed, the question of remand in this case relates more directly to the district court's exercise of supplemental jurisdiction over pendent State claims. And on that issue, the Supreme Court has spoken directly. In *Carnegie-Mellon*, the Court found federal courts to have an *inherent* power to remand removed State claims when the federal claims drop out of the case. The Court found that this power is "deriv-[ed] from the doctrine of pendent jurisdiction." 484 U.S. at 355 n.11. Rejecting as unduly restrictive the argument that when a federal court determines that it will not decide pendent State claims it must dismiss the case, the Supreme Court stated:

> Because in some circumstances a remand of a removed case involving pendent claims will better accommodate these values [of economy, convenience, fairness, and comity] than will dismissal of the case, the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate.

*Id.* at 351.

Even though *Carnegie-Mellon* was decided before the doctrine of pendent jurisdiction was codified in 28 U.S.C. § 1367, we nevertheless conclude that it continues to inform the proper interpretation of § 1367(c), which authorizes a district court in its discretion to "decline to exercise supplemental jurisdiction" over a pendent State claim. Because the statute is silent about how a district court declines to exercise supplemental jurisdiction, the principles inherent in supplemental jurisdiction, or pendent jurisdiction, as articulated by *Carnegie-Mellon*, continue to apply. As the Court in *Carnegie-Mellon* observed, a court may dismiss the claim or, if it was removed, remand it to State court. *See* 484 U.S. at 357 ("We conclude that a district

court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate"). And the Court's holding in *Carnegie-Mellon* was not dependent upon any statutory grant of authority, but upon the flexibility required in disposing of cases that include pendent State claims.

In reaching this interpretation of § 1367(c), we join the other courts of appeals which unanimously have treated the remand power as inherent in the statutory authorization to decline supplemental jurisdiction under § 1367(c). *See*, *e.g.*, *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1209 n.1 (10th Cir. 2000); *Hudson United Bank v. Litenda Mortgage Corp.*, 142 F.3d 151, 157 (3d Cir. 1998); *St. John v. International Ass'n of Machinists & Aerospace Workers*, 139 F.3d 1214, 1217 (8th Cir. 1998).

Norwest argues that the claims of the seven individuals who joined the case while it was pending in federal court may not be remanded to State court because their claims had never been filed in State court. They note that remands to State court are not available for cases filed initially in federal court. *See Carnegie-Mellon*, 484 U.S. at 351. This argument, however, improperly collapses the distinction between a "case," on the one hand, and the claims of the parties to the case, on the other. Even though parties to a "case" (or an "action") may change during its prosecution in court through dismissal or joinder, the case remains the same case that was opened when the complaint was filed. And remand concepts apply to the "case" or "action," not to the parties. *See*, *e.g.*, 28 U.S.C. § 1447(c) ("A motion to remand the case . . . must be made, etc.") in 28 U.S.C. § 1447(d) ("An order remanding the case . . . is not reviewable, etc."). Indeed, § 1447(e) explicitly recognizes the subject of remand as the "case" or "action" and not the parties to it. Thus, the question is not whether these particular plaintiffs were previously before the State court, but whether the *case* was previously before that court. Obviously, as Norwest recognizes, if the *case* was not removed, it cannot be remanded. *See Carnegie-Mellon*, 484 U.S. at 351 (pointing out that a case originally filed in federal court cannot be remanded to State court).

In short, we conclude that under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supple-

mental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met.

## B

Finding *authority* for the district court's remand does not resolve whether the district court abused its discretion in exercising its authority. In the circumstances before us, however, we find no such abuse.

The exercise of discretion in these circumstances involves two overlapping decisions to be made by the district court — whether to continue exercising federal jurisdiction over pendent claims and whether to remand the case to State court. Section 1337(c) lists factors to inform the decision of whether to exercise federal jurisdiction over pendent State claims, such as whether the State claims involve novel or complex issues of State law; whether the State law claims predominate; whether the federal claims justifying the court's jurisdiction remains in the case; or other compelling reasons. And when the exercise of this discretion involves the additional question of whether to remand the case to State court, the federal court should consider "principles of economy, convenience, fairness, and comity" and whether the efforts of a party in seeking remand amount to a "manipulative tactic." *Carnegie-Mellon*, 484 U.S. at 357.

Applying these factors to the case before us, it appears that several support remand. The federal claim in this case had been disposed of by settlement, and State claims predominated, as the district court found. Moreover, the State claims involved interpretations of complex South Carolina statutes on which there was no State precedent. These facts also implicate the overriding issues of fairness and comity. In these circumstances, we conclude that the district court did not abuse its discretion in remanding the case to State court after the federal claim had dropped from the case.

## IV

As an alternative to its direct challenge of the remand order, Norwest also contends that the district court's earlier ruling permitting

joinder of the seven new plaintiffs was an abuse of discretion and that had the district court properly excluded the new plaintiffs, no case to remand would have remained after settlement of the Hinsons' claims.

Norwest argues that even though the Hinsons' motion to join seven new plaintiffs in a proposed amended complaint was made under Federal Rule of Civil Procedure 15(a), in deciding whether to grant that motion, the court was required to find the requirements of Federal Rule of Civil Procedure 20 satisfied. Rule 20(a) permits the joinder of parties if they claim relief "arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." Norwest asserts that the district court did not consider Rule 20 and that if it had, it could not have found that the Rule's requirements were satisfied.

We agree with Norwest that a court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a). *See Desert Empire Bank v. Insurance Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980) (noting that both Rule 15 and Rule 20 standards are implicated by a motion to amend pleadings to add a new party). Indeed, satisfying the joinder requirements is necessary to the court's subject matter jurisdiction under 28 U.S.C. § 1367(a).

That does not mean, however, that the district court abused its discretion when it granted the Hinsons' motion to amend. The joining plaintiffs alleged that they participated in the same kind of transaction in which the Hinsons had participated and that all the transactions involved similar loans from Norwest. The joining plaintiffs also alleged the same or similar types of violations committed by Norwest in these transactions. Finally, it appears that similar principles of law would have been applicable to both the original plaintiffs and the joined plaintiffs. While it is true that the factual circumstances of each transaction differed, we cannot say that it was an abuse of discretion for the district court to have permitted the joinder.

Norwest's reliance on *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983), is misplaced. First, the procedural posture of *Saval* was

precisely opposite to that before us. Here we are reviewing a district court's decision *permitting* joinder. In *Saval*, the subject of review was the district court's decision *denying* joinder. The *Saval* court went out of its way to disclaim any implication that a contrary decision would have been within the discretion of the trial court, even on precisely the same facts. *See id.* at 1032 n.6.

Second, even if it would have been an abuse of discretion to join the *Saval* plaintiffs, the plaintiffs in this case have asserted claims with a much higher degree of relatedness. In *Saval*, each plaintiff brought a breach of warranty claim against the same defendant. However, the plaintiffs' factual histories were so dissimilar from each other that their claims might have required severance for trial. The *only* similarity among the *Saval* plaintiffs was that each had relied on the same advertisements before purchasing their allegedly defective vehicles. By contrast, the plaintiffs in this case alleged that a series of related transactions involving Norwest violate the same South Carolina statute in the same manner with respect to each plaintiff. The joined plaintiffs all shared in common the allegation that they were not advised properly of their attorney preference rights at the time they borrowed money from Norwest. Most importantly, it is the precise commonality that allegedly constitutes a violation of the South Carolina statute that provides a basis for their lawsuit.

For the reasons given, we affirm the judgment of the district court.

*AFFIRMED*

LUTTIG, Circuit Judge, concurring:

I am pleased to concur in all but Part IV of Judge Niemeyer's opinion. As to the question of whether the district court abused its discretion in not considering Fed. R. Civ. P. 20(a) when it joined party-plaintiffs, I would hold that it did not, because consideration of that Rule was not required. In my view, a district court may allow an amendment to join parties under Rule 15 (within the time periods permitted thereunder) unconstrained by the limitations of Rule 20. *See generally* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1479 (2d ed. 1990).