**Danyale LANFORD**

v.

**PRINCE GEORGE'S COUNTY, MD, et al.**

**No. Civ.A. DKC 2001–2614.**

United States District Court,
D. Maryland.

Dec. 3, 2001.

John Eric Smathers, McGowan and Smathers LLC, Laurel, MD, for Danyale Lanford.

Laura J. Gwinn, Prince George's County Office, Upper Marlboro, MD, for Prince George's County.

Daniel Karp, Baltimore, MD, for Larry Beyna, Andre Owens.

Walter L. Blair, Blair & Lee, P.C., Hyattsville, MD, for John E. Smathers.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently before the court is Plaintiff's motion to remand this civil rights action to the Circuit Court for Prince George's County, Maryland. The issues are fully briefed and a hearing was held on November 30, 2001. For the following reasons, the motion will be granted in part and denied in part.

### I. Background

Danyale Lanford, Plaintiff, filed this action in the Circuit Court for Prince George's County on June 8, 2001, against Prince George's County, Maryland; Larry Beyna, Mayor of Cheverly; John Doe # 1, a police officer of Prince George's County; Andre Owens, a police officer of the Town of Cheverly; Prince George's County Department of Corrections; Anthony Campbell; and John Doe # 2, an employee with the Prince George's County Department of Corrections.

The complaint alleges that, on or about June 8, 2000, Plaintiff was a passenger in a car driven by Anthony Campbell which Andre Owens attempted to stop for an apparent traffic violation. Instead of stopping, Campbell accelerated and, at speeds of 80 to 100 miles per hour, placed Plaintiff in great fear when the car nearly struck other vehicles or objects and ran through a red light. Eventually Campbell stopped the vehicle, and both Campbell and Plaintiff were arrested.

The complaint goes on to allege that Owens observed Campbell throw what appeared to be a handgun out the window of the car during the chase. Plaintiff was then seized, handcuffed, arrested and detained, and falsely charged by Owens with knowingly transporting a handgun in a vehicle. That charge was nolle prossed on June 27, 2000. Plaintiff asserts that he was apprehended by John Doe # 1 and Owens, and handcuffed behind his back. While being escorted to the cruiser, John Doe # 1 allegedly threw Plaintiff to the ground, fracturing three vertebrae in his cervical spine. Plaintiff's pleas of pain were ignored. Plaintiff was transported to the Cheverly police station by Owens, who processed and booked him, while continuing to ignore Plaintiff's pleas for help.

A commissioner set a $10,000 bond and Plaintiff spent three days and two nights

in the Prince George's County Detention Center. While there, he continued to complain of pain in his neck. His complaints were initially ignored. Plaintiff was finally seen by a doctor, John Doe # 2, who was informed of his condition. Instead of providing treatment, the doctor gave Plaintiff Tylenol and told him to take a shower.

Upon release from detention, Plaintiff went immediately to a hospital, where he underwent eight hours of surgery on his fractured cervical spine. He continues to experience pain and claims permanent injury.

Anthony Campbell is a defendant only in the final two counts, alleging state tort claims of negligence and intentional infliction of emotional distress, arising from the fear Plaintiff experienced during the high speed flight. The other defendants are named in the first eleven counts, alleging federal civil rights violations, as well as state constitutional and common law torts, stemming from the arrest, detention, prosecution, and physical injury allegedly caused during the arrest, all following the high speed flight.

A return of service attests that Defendant Anthony Campbell was served on July 2, 2001. The other named defendants were served on August 3 and 10, 2001.

On August 31, 2001, Prince George's County and Prince George's County Department of Corrections filed a notice of removal, asserting federal question jurisdiction over three of the counts, and pendent jurisdiction over the remaining state law claims. The notice recited that Larry Beyna and Andre Owens had also been served and joined in the removal. On September 21, 2001, a supplement to the notice of removal was filed, asserting that Anthony Campbell either is a nominal defendant or that the claims against him are separate and independent or that he had not been served, and thus did not need to join. Further, Defendants asserted that

Plaintiff manipulated service of process in an attempt to defeat removal.

On September 7, 2001, Plaintiff filed a motion to remand, based on the failure of Campbell to join in or consent to removal within 30 days of service on him. Defendants oppose the motion for remand on many grounds, including questioning whether Campbell was actually served and whether his consent was necessary. Limited discovery on the service of process issue was allowed and a hearing was held on November 30, 2001. For the reasons that follow, the motion to remand the entire action will be denied, but the claims against Campbell will be severed and remanded to the Circuit Court.

## II. Analysis

### A. Standard

■ Federal courts are courts of limited jurisdiction and must closely guard exercise of that jurisdiction. They are "empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). One basis for federal jurisdiction, under § 1331, is "of all civil actions arising under the Constitution, laws, or treaties of the United States." In order for federal jurisdiction to exist under 28 U.S.C. § 1331, "a right or immunity must be an element, and an essential one, of plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). *Accord McCorkle v. First Pennsylvania Banking and Trust Co.*, 459 F.2d 243, 250 (4th Cir.1972) ("It is settled that the mere existence of a disputed issue of federal law does not confer federal question jurisdiction").

■ Removal jurisdiction is to be strictly construed and the party seeking to invoke it has the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97,

42 S.Ct. 35, 66 L.Ed. 144 (1921). Under § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." All parties agree that claims under 42 U.S.C. § 1983 fall within this court's federal question jurisdiction.

■ Under 28 U.S.C. § 1446(b), a defendant must petition for removal or consent to removal by another within thirty days of being served. *McKinney v. Board of Trustees of Mayland Comm. College,* 955 F.2d 924, 925–26 (4th Cir.1992). Furthermore, ordinarily all defendants must join the petition for removal and do so timely. *See Chicago, R.I., & P. Ry. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Doe v. Kerwood,* 969 F.2d 165 (5th Cir.1992); *Chaghervand v. CareFirst,* 909 F.Supp. 304, 308 (D.Md. 1995); *Jackson v. Roseman,* 878 F.Supp. 820, 826–27 (D.Md.1995); *Whitcomb v. Potomac Physicians, P.A.,* 832 F.Supp. 1011, 1013 (D.Md.1993).

If, as Plaintiff claims, Campbell was served on July 2, 2001, his consent was not obtained within the thirty day period. And, if his consent was required in order to effect removal properly, the case would have to be remanded to the Circuit Court.

### B. Service on Anthony Campbell

■ The court cannot, based on the evidence presented at the hearing, conclude that Anthony Campbell was not served on July 2, 2001, at 6:50 p.m., by Andre Keith.

Andre Keith testified that he personally handed the complaint and a "duplicate original" of the state court summons to a person acknowledging himself to be Anthony Campbell at 5825 Field Place, N.E., Washington, D.C. The physical description provided on the affidavit, which was notarized July 5, 2001, and filed with the Circuit Court on July 11, 2001, is that the person was a black male, braided hair, black mustache and goatee, 6′0″ tall, 200 lbs, in his 20's, with a dark complexion.

While Defendants point to arrest records that list Anthony Campbell's height as 5′8″, the discrepancy is ultimately of no relevance. Mr. Keith also estimated the height of John Bielec, an attorney with the Prince George's County Office of Law, on whom he effected service for some of the other defendants, as 5′11″. Testimony at the hearing was that Mr. Bielec is not that tall. Thus, it appears that Mr. Keith, who said that he himself is 6′, tends to overestimate the height of other people.[1]

All parties agree that the Field Place address is the residence of Anthony Campbell's mother and that Mr. Campbell is known to use that address at times, along with his father's in Landover, Maryland. Mr. Keith said that he went there on several occasions when none of the black males in the yard outside acknowledged being Mr. Campbell and either Mr. Campbell's mother or sister said he wasn't around. (On one of those occasions, Mr. Keith left the complaint and the summons with Campbell's mother and asked her to give them to her son.) On July 2, Mr. Keith returned again at counsel's request to try to serve Anthony Campbell personally. This time, the others in the yard

---

**1.** Mr. Keith also is not as careful as he should be with dates and times of service. In this case, several of the returns of service had to be amended to reflect correct dates and times of service. He also demonstrated a rather cavalier attitude to requests for testimony concerning the performance of his professional duties, by deliberately making it difficult for Defendants to serve him for a deposition. Nevertheless, the court credits his basic testimony concerning the events of July 2, 2001.

looked toward one particular person when asked if Campbell was there. That person then acknowledged that he was Anthony Campbell, took the papers from Mr. Keith, said he already had a set of them "at home," and that he had already been to court for the matter.

Despite the fact that Anthony Campbell never answered the complaint, the court is not persuaded that the person served was not Anthony Campbell. It is not likely, under the circumstances outlined, that someone else would acknowledge being Anthony Campbell. The process server had been to that location several times and merely left when told that Campbell was not around. People do not ordinarily claim to be someone else in order to receive service of process. The person also had familiarity both with the alleged facts of the case and said that he had already received the papers from the earlier attempted service. Accordingly, Defendants have not proven that the person served was not Anthony Campbell.

### C. Failure to Consent to Removal within Thirty Days

■ If Campbell was served on July 2, 2001, the next issue is whether his (and the other defendants') failure to act concerning removal during the next thirty days precludes removal by the other defendants. As will be discussed, the court concludes that the action was properly removed by the other defendants, despite their failure to act by August 2, and the absence of consent by Anthony Campbell.

■ There are two ways that state law claims may properly be part of a federal question action removed to federal court. First, under 28 U.S.C. § 1367(a), supple-

mental jurisdiction over state law claims and additional parties is allowed as to those "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Second, under 28 U.S.C. § 1441(c):

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Pendent (or supplemental) claims are not "separate and independent" within the terms of the removal statute. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 354, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 616 (4th Cir. 2001). For purposes of removal procedure, the difference is significant. As to the first, most courts hold that those defendants who are named in state law claim that are within a court's supplemental jurisdiction are required to remove or join in removal and must do so within thirty days of being served.[2] In contrast, a defendant named only in a separate and independent state law claim that is before the court under § 1441(c) need not remove or consent at all. JUDGE WILLIAM W SCHWARZER, JUDGE A. WALLACE TASHIMA, & JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 2:805 at 2D–114–115 and ¶ 2:979–981.1 at 2D–176 (2001). Because the court concludes that the claims against

---

**2.** Defendants urge the adoption of the "refinement" of the unanimity rule which would require consent only of parties who independently have the right to remove. *See Hill v. City of Boston*, 706 F.Supp. 966, 968 (D.Mass.

1989). It will not be necessary to address that argument because the court concludes that consent of a defendant in a separate and independent claim is not necessary in any event.

Anthony Campbell are separate and independent from the federal civil rights claims and not supplemental thereto, his consent to removal is unnecessary.

■ For courts to exercise supplemental jurisdiction, the state and federal claims must derive from " 'a common nucleus of operative fact' such that the plaintiff would ordinarily be expected to try the claims in one judicial proceeding." *White v. County of Newberry, South Carolina,* 985 F.2d 168, 171 (4th Cir.1993) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). In *White,* the court cited with approval the case of *Hales v. Winn–Dixie Stores, Inc.,* 500 F.2d 836, 848 & n. 12 (4th Cir.1974), for the proposition that "supplemental jurisdiction does not encompass claims when one count is 'separately maintainable and determinable without any reference to the facts alleged or contentions stated in or with regard to the other count.' "

There is no common nucleus of operative fact between the purely state common law claims against Campbell, based on the high speed flight, and the federal constitutional claims against the County and individual officials, based on the alleged civil rights violations arising from Lanford's arrest [3]. The claims against the two sets of parties are distinct and arise from two unique sets of facts. The manner in which Campbell drove, and the emotional toll the driving took on Plaintiff, are completely irrelevant to whether the arrest, detention, and prosecution of Plaintiff were lawful and properly conducted, and whether he suffered physical injuries at the hands of the municipal defendants. The state tort claims against Anthony Campbell do not fall within this court's supplemental jurisdiction.

■ Because the claims against Campbell cannot properly be addressed in federal court under supplemental jurisdiction, they are before the court only because Defendants may remove an action containing a separate and independent claim under 28 U.S.C. § 1441(c). This subsection only comes into play where unrelated claims are joined in the state court complaint; otherwise supplemental jurisdiction would apply. To be separate and independent under the test set forth in *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 11–13, 71 S.Ct. 534, 95 L.Ed. 702 (1951), there must be "complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." *See also Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996) (holding tortious interference claims to be separate and independent from the federal question claims in an action). In fact, § 1441(c) "says that the more unrelated a state claim is to a federal claim, the more likely it is that removal is appropriate." *Charles D. Bonanno Linen Service, Inc. v. McCarthy,* 708 F.2d 1, 9 (1st Cir.1983).

■ When removal of an entire action is proper under § 1441(c), it is not necessary for a defendant to consent to removal when the claims against him are not subject to federal jurisdiction. In addressing this issue, the Fifth Circuit has held that:

> Although failure of all defendants to join is usually a bar to removal, if one defendant's removal petition is premised on removable claims "separate and independent" from the claims brought against the other defendants, consent of the other defendants is not required. "For if consent were required in such a case, a plaintiff might be able to prevent

---

**3.** In contrast, the state constitutional and common law tort claims against the remaining defendants do arise from a common nucleus of operative facts, *i.e.,* the arrest, and are within the supplemental jurisdiction of this court.

removal of a federal claim by joining an unrelated claim against a different defendant, and this would reduce the effectiveness of section 1441(c) in making separate and independent claims a basis for removal."

*Henry v. Independent American Sav. Ass'n.*, 857 F.2d 995, 999 (5th Cir.1988) (quoting *Bernstein v. Lind–Waldock & Co.*, 738 F.2d 179, 183 (7th Cir.1984)). In *Bernstein*, the court observed:

> Consent is required for removal under 28 U.S.C. § 1441(a), *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272–73 (7th Cir.1982), but not for removal under 28 U.S.C. § 1441(c), 1A Moore's Federal Practice ¶ 0.168 [3.-2–2], at pp. 556–57 (1983)—that is, not if the plaintiff's claim against the removing defendant is "separate and independent" from the other claims in the suit. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), strongly implies that if the claim against Lind–Waldock was pendent to the claim against the Exchange, or vice versa, this condition could not be satisfied. However, if the claims were unrelated (or less related), presumably either party could remove the case without the other's consent, provided the claim was within the original jurisdiction of the federal courts. For if consent were required in such a case, a plaintiff might be able to prevent removal of a federal claim by joining an unrelated claim against a different defendant, and this would reduce the effectiveness of section 1441(c) in making separate and independent claims a basis for removal.

*Bernstein*, 738 F.2d at 183. *See also Moscovitch v. Danbury Hospital*, 25 F.Supp.2d 74, 78 (D.Conn.1998) (in a case removed on the basis of ERISA benefit claims, holding that "only the defendants who have the right to remove are required to consent to removal," and not the health care providers sued for negligence in the treatment

provided); *Costantini v. Guardian Life Insurance Co.*, 859 F.Supp. 89, 90 (S.D.N.Y.1994) (same, defendant in state fraud claim failed to join in ERISA removal). In accord with those cases, when separate and independent claims are removed to federal court along with a federal claim under § 1441(c), consent of a party only named in the separate and independent claim is not necessary and, therefore, absence of consent is not a ground to remand the action to state court based on improper removal.

At the hearing, Plaintiff asserted that the thirty day time for removal started when the first defendant (Campbell) was served (on July 2, 2001), regardless of whether that defendant had a right to remove or would be required to consent to removal by other defendants. Thus, he argues the federal question defendants only had until August 2, 2001 to remove, even though they were not served until after that date. The logic of that position escapes both the court and the authors of FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ¶ 2:805 at 2D–115:

> Where removal is based on § 1441(c):
>
> . . . . .
>
> —the *time to remove* does not begin until the complaint is received by the defendant(s) to the federal claim.

### D. Remand of Separate and Independent State Law Claims Against Anthony Campbell

The final question, under 28 U.S.C. § 1441(c), is whether this court will "determine all issues, or, in its discretion, remand all matters in which State law predominates." *Hayduk v. United Parcel Service, Inc.*, 930 F.Supp. 584, 588 (S.D.Fla.1996) (citing § 1441(c)). *See also Lazo v. Inland Sales Co.*, 925 F.Supp. 463, 466 (N.D.Tex.1995) (Court exercising dis-

cretion to remand to state court state law claims and retaining federal claims); *Badanish v. City of Chicago*, 895 F.Supp. 201, 203 (N.D.Ill.1995) ("[I]t is crystal clear that . . . [the] claim . . . is a matter in which State law predominates. This Court therefore remands [the count] to the [state court] in accordance with [§ 1441(c) ]"); *Cotton v. State of South Dakota*, 843 F.Supp. 564, 567 (D.S.D.1994) ("If a case is removed pursuant to 28 U.S.C. § 1441(c), the statute expressly provides the court with discretion to either completely or partially remand").

 In this case, remand of the claims against Anthony Campbell is appropriate. The claims against Campbell are based on events that overlap factually to a an extremely minor degree with the other claims and are predominated by state law issues, invoking Maryland tort law. The remaining state law claims are pendent to the federal claims and, thus, subject to a different standard for remand. *Hinson*, 239 F.3d at 616 (factors to inform the decision of whether to exercise federal jurisdiction over pendent State claims are whether the State claims involve novel or complex issues of State law; whether the State law claims predominate; whether the federal claims justifying the court's jurisdiction remains in the case; or whether there are other compelling reasons; in deciding whether to remand the case to State court, the federal court should consider "principles of economy, convenience, fairness, and comity" and whether the efforts of a party in seeking remand amount to a "manipulative tactic," citing to *Carnegie–Mellon*, 484 U.S. at 357, 108 S.Ct. 614.) Inasmuch as the federal claims remain in this court for resolution and the state law claims do not raise novel questions of state law, the court concludes not to remand the related state law claims against the same defendants.

*III. Conclusion*

For the foregoing reasons, Plaintiff's motion to remand will be granted as to the state law claims against Anthony Campbell, but denied as to all other claims. A separate order will be entered.

**ORDER**

For the reasons stated in the foregoing Memorandum Opinion, it is this 3rd day of December, 2001, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion to remand BE, and the same hereby IS, GRANTED in part and DENIED in part as follows:

A. The claims against Anthony Campbell in counts XII and XV BE, and the same hereby ARE, REMANDED to the Circuit Court for Prince George's County;

B. The claims in counts I through XI against all other defendants will remain in this court;

2. The clerk will take all necessary steps to effectuate this remand promptly;

3. Plaintiff must respond to the pending motions to dismiss by December 17, 2001, and

4. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties and to Anthony Campbell.