**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HENRY H. SHAVITZ, for himself and
others similarly situated,

*Plaintiff,*

v.

GUILFORD COUNTY BOARD OF
EDUCATION,

*Defendant-Appellant,*

CITY OF HIGH POINT, a municipal
corporation,

*Defendant-Appellee,*

and

ELECTRONIC DATA SYSTEMS
CORPORATION, a corporation doing
business in the State of North
Carolina; ALLEN L. PEARSON, II;
PEEK TRAFFIC, INCORPORATED, a
corporation doing business in North
Carolina; PHIL WYLIE; SREEKANTH
NANDAGIRI; ARNOLD KOONCE, Mayor
of the City of High Point; ALBERT
A. CAMPBELL, member of the High
Point City Council; M. CHRISTOPHER
WHITLEY, member of the High Point
City Council; AARON LIGHTNER,
member of the High Point City
Council;

No. 03-1960

RONALD B. WILKINS, member of the
High Point City Council; M. C.
ROWE, member of the High Point
City Council; WILLIAM S. BENCINI,
JR., member of the High Point City
Council; DAVID B. WALL, member
of the High Point City Council;
STRIB BOYNTON, City Manager of
the City of High Point,

                                    *Defendants.*

STATE OF NORTH CAROLINA,

                                    *Movant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CA-01-662-1)

Argued: February 24, 2004

Decided: June 7, 2004

Before MOTZ and TRAXLER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

Vacated and remanded with instructions by unpublished per curiam
opinion.

## COUNSEL

**ARGUED:** Robert J. King, III, BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, Greensboro, North Carolina, for Appel-

lant. Alison Raney Bost, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, North Carolina, for Appellee. **ON BRIEF:** Jill R. Wilson, Elizabeth V. LaFollette, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, Greensboro, North Carolina, for Appellant. Gusti W. Frankel, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

This action began in North Carolina state court as a challenge to a program in High Point, North Carolina, that uses cameras to take pictures of cars that run red lights. The defendants, which included the City of High Point and the supplier of the red-light camera system, removed the case to federal district court. The district court granted summary judgment in favor of the defendants on the federal claims and certain state-law claims and remanded to state court all but one of the remaining state-law claims. As to the sole state-law count it retained, the district court rejected the claim of the Guilford County Board of Education and concluded that, under North Carolina law, the City of High Point was entitled to all of the proceeds of its red-light camera program. The Board appeals, arguing that it is entitled to the proceeds. We conclude that the district court lacked subject-matter jurisdiction over the Board's state-law claim that it is entitled to the proceeds of the red-light camera program. We therefore vacate the district court's order granting summary judgment in favor of the City and remand with instructions that the district court remand the claim to state court.

I.

The City of High Point, North Carolina, as authorized by the North Carolina General Assembly, began using cameras to catch red-light

runners. Henry Shavitz received a ticket in the mail after a car registered to him was photographed running a red light. Shavitz refused to pay the ticket and thereafter filed an action in North Carolina state court raising state and federal constitutional challenges to the red-light camera program.

Shavitz contended that the traffic-control program violated the due process and equal protection clauses of the state and federal constitutions. Shavitz also contended that, if the program was constitutional in all respects, then the North Carolina Constitution required that the proceeds of the program go to the Guilford County Board of Education rather than the City of High Point. *See* N.C. const. art. IX, § 7 ("All moneys, stocks, bonds, and other property belonging to a county school fund, and the clear proceeds of all penalties and forfeitures and of all fines collected in the several counties for any breach of the penal laws of the State, shall belong to and remain in the several counties, and shall be faithfully appropriated and used exclusively for maintaining free public schools."). Shavitz named the Board as a defendant only because of this alternative claim. He expressly did not seek any damages from the Board but instead sought only a declaration that the Board was entitled to the clear proceeds of the red-light camera program. The defendants removed the case to federal court, at which point the Board answered the complaint and filed a cross-claim seeking a declaration that it was entitled to the proceeds of the red-light camera program.

The district court granted summary judgment in favor of the defendants on Shavitz's federal and parallel state constitutional claims and remanded most of the remaining state claims. As to the claim involving the Board's right to the proceeds of the red-light camera program (hereafter, the "clear-proceeds" claim or dispute), the district court first concluded that Shavitz lacked standing to challenge the disposition of the proceeds of the red-light camera program. Nonetheless, the court determined that the claim was properly before it by virtue of the Board's cross-claim. The court then considered the merits of the clear-proceeds claim and granted summary judgment in favor of the City. The Board appealed the district court's grant of summary judgment in favor of the City on the clear-proceeds claim; Shavitz did not appeal.

On appeal, the parties, assuming that the district court had subject-matter jurisdiction, addressed only the merits of the clear-proceeds claim in their briefs. At oral argument, we questioned whether there was in fact subject-matter jurisdiction over the dispute between the City and the Board, and we requested that the parties file supplemental briefs addressing the question. After consideration of the supplemental briefs, we conclude that the district court lacked subject-matter jurisdiction over the clear-proceeds dispute.

## II.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Federal courts, of course, have subject-matter jurisdiction over federal questions—that is, cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West 1993). Because Shavitz raised certain federal constitutional challenges to the City's red-light camera program, his complaint could have originally been filed in federal court, and removal to federal court was therefore proper. *See* 28 U.S.C.A. § 1441(a) (West 1994); *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal . . . depends on whether the case originally could have been filed in federal court.").

That the complaint was properly removed to federal court, however, does not necessarily mean that the district court had subject-matter jurisdiction over the state-law claims. There is no diversity of citizenship between the Board and the City, and the dispute between them as to the proper disposition of the proceeds of red-light camera program is indisputably one of state law only. Accordingly, the district court had subject-matter jurisdiction over the clear-proceeds claim only if the claim fell within the district court's ancillary or pendent jurisdiction, jurisdictional doctrines that have now been codified in 28 U.S.C.A. § 1367, the supplemental jurisdiction statute. *See International Coll. of Surgeons*, 522 U.S. at 165.

The supplemental jurisdiction statute provides that:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C.A. § 1367(a) (West 1993). To determine whether a state-law claim is part of the same "case or controversy" as the removable claim for purposes of the supplemental jurisdiction statute, we look to the standard set by the Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). *See International Coll. of Surgeons*, 522 U.S. at 164-65; *Axel Johnson v. Carroll Carolina Oil Co.*, 145 F.3d 660, 662 (4th Cir. 1998). In *Gibbs*, the Supreme Court explained that

> Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is [a federal question], and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

*Gibbs*, 383 U.S. at 725 (footnotes and internal citations omitted).

If Shavitz had had standing to pursue the clear-proceeds claim, whether the district court could properly exercise jurisdiction over that claim under section 1367 would have been a closer question. But Shavitz did not appeal the district court's conclusion that he lacked standing to pursue that claim.[1] Thus, we are left only with the ques-

---

[1]We note that the district court looked to North Carolina law when determining whether Shavitz had standing. When a case is in federal

tion of whether supplemental jurisdiction existed over the clear-proceeds battle being fought by the Board and the City. In our view, the answer to that question is apparent: The clear-proceeds dispute between the Board and the City is not part of the same constitutional case or controversy as Shavitz's federal challenges to the red-light camera program.

We recognize, of course, that there are certain underlying facts common to the clear-proceeds dispute and Shavitz's federal claims, given that all the claims spring from the red-light camera program itself. Such superficial factual overlap, however, is not sufficient. The *Gibbs* test does not require that the federal and state claims only have some facts in common; instead, *Gibbs* requires that the claims share a "common nucleus of *operative* fact." *Gibbs*, 383 U.S. at 725 (emphasis added); *see Hales v. Winn-Dixie Stores, Inc.*, 500 F.2d 836, 847 (4th Cir. 1974) (concluding that state-law claims that former employer failed to make payments due under a company profit-sharing program did not share "'a common nucleus of operative fact'" with federal claims that the employer failed to provide certain statutorily-mandated information about that profit sharing plan (quoting *Gibbs*, 383 U.S. at 725)).

In his federal claims, Shavitz contended that the red-light camera program violated the Due Process and Equal Protection clauses of the United States Constitution. As to those claims, the primary operative facts, as the district court recognized, are those that establish whether, *as a matter of federal constitutional law*, the red-light program is deemed to be civil or criminal in nature. *See Shavitz v. City of High Point*, 270 F. Supp. 2d 702, 712 (M.D.N.C. 2003). As to the clear-proceeds claim, the operative facts are those that establish whether,

court, however, state standing principles do not govern; the question is whether federal standing principles have been satisfied. *See Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 804 (1985) ("Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing in state court."); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 436 n.1 (7th Cir. 1994) ("Although this cause of action arises under state law, the federal standing requirements of Article III still apply.").

*under North Carolina law*, the proceeds of the program accrue to the state or to the City.[2] Thus, Shavitz's federal claims are in no way dependent upon or related to the Board's claim against the City. Under these circumstances, we simply cannot conclude that Shavitz's federal claims and the clear-proceeds claim share a common nucleus of operative fact, as required by section 1367 and *Gibbs*. *See Hales*, 500 F.2d at 848 (concluding that pendent jurisdiction did not exist over state-law claims that were "separately maintainable and determinable without any reference to the facts alleged or contentions stated in or with regard to the [federal] count").

Moreover, it is obvious that the clear-proceeds dispute is not one that "would ordinarily be expected" to be tried along with Shavitz's federal constitutional challenges to the red-light camera program. *Gibbs*, 383 U.S. at 725. Shavitz's constitutional challenges to the red-light camera program provided the gateway into federal court. While we would ordinarily expect related state-law claims asserted by *Shavitz* to be tried along with his constitutional claims, we would not expect the clear-proceeds dispute *between the Board and the City* to be tried along with Shavitz's constitutional challenges. Although the Board was brought into the action by Shavitz as a nominal defendant, Shavitz sought no relief from the Board, and the Board's claim against the City is in no way dependent upon or related to Shavitz's

---

[2]The North Carolina Supreme Court has explained that article IX, section 7 of the North Carolina Constitution identifies "two distinct funds for the public schools. These are (1) the clear proceeds of all penalties and forfeitures in all cases, regardless of their nature, so long as they accrue to the state; and (2) the clear proceeds of all fines collected for any breach of the criminal laws." *Mussallam v. Mussallam*, 364 S.E.2d 364, 366 (N.C. 1988). The district court concluded that because the General Assembly specifically described red-light camera violations as non-criminal, the red-light camera proceeds did not fall within the second category identified by the *Mussallam* court. *See Shavitz*, 270 F. Supp. 2d at 726. The district court also concluded that the red-light camera proceeds did not fall within the first category identified by the *Mussallam* court because the proceeds, while properly viewed as penalties, accrue not to the state but to the City. *See id.* at 727. It is this conclusion that is the primary focus of the Board's appeal. Thus, the clear-proceeds claim turns on a determination of whether the red-light camera proceeds accrue to the state or to the City.

claims against the City and the other defendants. Since the Board is, at least as a practical matter, a stranger to the dispute between Shavitz and the City, no one would expect the Board's substantively unrelated and unconnected claims against the City to be tried along with Shavitz's claims.[3]

To summarize, we conclude that the clear-proceeds dispute between the Board and the City and Shavitz's federal challenges to the red-light camera program do not share a common nucleus of operative fact and would not be expected to be tried in one judicial proceeding. Thus, the claims are not part of the same Article III case or controversy, and the district court erred by exercising supplemental jurisdiction over the clear-proceeds claim. Because there is no independent basis to support the district court's exercise of jurisdiction over the clear-proceeds claim, the district court lacked subject-matter jurisdiction over that claim. Accordingly, we hereby vacate the district court's order granting summary judgment in favor of the City on the clear-proceeds claim, and we remand with instructions for the district court to remand the clear-proceeds claim to state court. *See Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) (explaining that "under the authority of 28 U.S.C. § 1367(c), . . . a district court has inherent power to dismiss the case or, in cases removed from State court, to remand").

*VACATED AND REMANDED WITH INSTRUCTIONS*

---

[3]We do not mean to suggest that supplemental jurisdiction cannot exist over state-law claims that require the joinder or intervention of additional parties—section 1367 by its terms applies to certain claims that require the presence of additional parties. *See* 28 U.S.C.A. §§ 1367(a), (b). But the clear-proceeds dispute between the Board and the City is simply too disconnected from and unrelated to Shavitz's constitutional challenges to the red-light camera program to satisfy the requirements of section 1367.